No. 14,146.

ARTHUR K. MILLER VS. WILLIAM KLINE.

SYLLABUS.

A petition that alleges a contract and the breach thereof shows a cause of action.

A PPEAL from the Civil District Court, Parish of Orleans—*Sommerville, J.*

*Benjamin Rice Forman,* for Plaintiff, Appellant.

*Bernard Titché* and *Leon L. Labatt,* for Defendant, Appellee.

The opinion of the court was delivered by

PROVOSTY, J.   Plaintiff has appealed from a judgment sustaining an exception of no cause of action.   The petition is as follows:

"The petition of Arthur A. Miller, sojourning in New Orleans, but a resident of the city of New York, respectfully shows:

"That William Kline, residing in this city and doing business under the name and style of the Metropolitan Hardware Company, Limited, at 407 Magazine street, and William Klein & Co., Limited, at 113 Chartres street, and William Klein & Co., or Manhattan Store, No. 937 Canal street, New Orleans, is indebted to your petitioner in the sum of two thousand one hundred dollars and upwards, because:

"Your petitioner was, previous to the 18th of March, 1891, employed in a prosperous hardware business in the city of New York, and familiar with the hardware trade and having considerable skill and experience in the handling of hardware, on the 18th day of March, 1901, he made a contract with the said William Kline in New Orleans, by which William Kline employed your petitioner as manager and buyer for the hardware and house furnishing business in New Orleans, for one year, from the first of May, 1901, and agreed to pay your petitioner a salary of one hundred dollars per month, and in addition to such salary, one-half of the net profits of said business;

"Said William Kline further agreed to furnish all the necessary capital for the successful carrying on of said business, and further

agreed if it should be profitable and successful, that your petitioner, at the expiration of one year, that is, from and after the first day of May, 1902, should receive a salary of one hundred dollars per month, and in addition thereto, one-third of the profits;

"Now your petitioner shows that in the discharge of his duties as manager and buyer for the hardware and house furnishing goods, he faithfully attended to the same, but that the said William Kline neglected and failed and refused, although repeated demand was made, to furnish the necessary capital for the successful carrying on of said business, and arbitrarily and without any just cause or excuse repeatedly cancelled orders for goods which could have been sold at a good profit and for which there was constant orders and demand, and so crippled the said business;

"That said William Kline attempted to take advantage of the ignorance of your petitioner of the laws of Louisiana, and convert the said business and turn it into a corporation, under the act of 1898, known as the Metropolitan Hardware Company, Limited, and after the said act of incorporation was drawn, carried on the said business in the said name, but that the said attempted incorporation was wholly void because the terms and conditions of the statute, in such cases, were not complied with; the said William Kline, never at any time, put into the said business, nor paid into the said business, the sum of five thousand dollars, neither did any one else, so that the aggregate amount of capital paid into the said business never reached the sum of five thousand dollars; but in fact, did not exceed three thousand dollars, neither in money or goods, of that value, and the terms of the act of 1888 have never been complied with. The said Metropolitan Hardware Company, Limited, never became a legal corporation, nor could it ever become such under the prohibitory provisions of Article 266 of the Constitution.

"And now your petitioner shows that without any just cause or excuse, on or about the 12th of July, 1901, the said William Kline, illegally broke the said contract with your petitioner, discharged him, and refused to any longer permit him to enter the establishment. Thereupon, your petitioner protested against the said breach of said contract and tendered his services, and offered to continue to perform his part of the contract, which Kline refused to permit him to do, and the said Kline therefore owes him as wages, for services actually rendered,

$25.00 for the second week of the month of July, and for damages for the breach of the said contract, salary for one year, $950.00;

"Now your petitioner further shows that if the said Kline had fur·nished the capital necessary to make the said business successful, as he was obliged under his contract to do, the business would easily have made twenty-five hundred dollars a year, net profits, after the payment of all expenses;

"Now your petitioner shows, that being entitled to an interest in the profits of the said business conducted at 407 Magazine street, he has a right to ascertain the profits and the said Kline, contriving how to defraud and cheat your petitioner, is endeavoring to sell out his property, especially the stock, good-will and book accounts, carried on by him in the name of the Metropolitan Hardware Company, at 407 Magazine street, and is negotiating for the sale thereof in bulk, so as to put the said property beyond the reach of your petitioner and deprive him of his rights to his share of the profits;

"Said William Kline has grossly mismanaged and is grossly mismanaging the said business and is wasting, misusing and misapplying the funds, sending consignments that properly belong to the said business, to other stores and firms in which the said Kline is interested, for the purpose of breaking up the said business, in which your petitioner was employed and ruining him; that he has been negotiating with Henry L. Cohn, to sell out the said stock and business in order to defeat the rights of your petitioner;

"That the said William Kline has further violated the law, publishing letter-heads and doing business without the name "limited" in the name Metropolitan Hardware Company, heading it as follows: "Metropolitan Hardware Co., William Kline, proprietor," and has thereby made himself liable personally for any obligation of the said Metropolitan Hardware Company, Limited, even if it had been legally incorporated;

"That the written contract between petitioner and the said Kline is hereto annexed and made a part of this petition;

"Wherefore petitioner prays that William Kline be cited to appear and answer this petition, and also be cited as proprietor of the Metropolitan Hardware Company, Limited, or Metropolitan Hardware Company, and that he be ordered to show cause why a receiver should not be appointed, on a date to be fixed by the court, to take possession of

the stock and business, ascertain the profits that have been made, and that he be condemned to pay your petitioner the sum of $25.00 for salary actually due, and the further sum of $950.00 damages for the breach of contract of employment, for salary at the rate of one hundred dollars per month for one year from the first of May, 1900, and the further sum of $1150.00 profits that have been made and that could have been made if the said William Kline had not broken his contract with your petitioner, with five per cent. interest from judicial demand, and for costs and for general relief; and that it be ordered, adjudged and decreed that the Metropolitan Hardware Company has not been organized according to law, and is not a lawful corporation; that William Kline, and the Metropolitan Hardware Company, Limited, be cited to appear, in order to show cause on the —— day of July, 1901, at 11 o'clock A. M., why a receiver should not be appointed to take charge of the business at 407 Magazine street, and at 113 Chartres street, and No. 937 Canal street, collect the debts and administer the assets to the best advantage of the parties in interest."

As reasons why a cause of action is not shown, defendant assigns the following:

"The plaintiff is estopped to deny the validity of the act of incorporation.

"Anderson vs. Thompson, 51 Ann. 727.

"The petition shows that plaintiff abandoned his contract with William Kline, and became one of the incorporators of the Metropolitan Hardware Co., Limited. Thereafter he worked for that corporation and, of course, ceased to have a claim against William Kline. This is evident upon a mere perusal of the petition.

"He seeks to avoid the necessary consequences of this action by pretending ignorance of the laws of Louisiana, though he does not aver wherein he has since discovered our laws to be different from those of New York, of which he appears too willing to admit his knowledge.

"Admitting his ignorance of our laws, that cannot excuse him.

"Second, by pleading that said incorporation was and is wholly void. He is estopped from making this averment.

"If plaintiff has a claim it is against the Metropolitan Hardware Company, Limited, which he has not cited. It is evident that he has no claim against William Kline."

We have read the petition carefully to discover this allegation here

State ex rel. Richardson, Receiver, vs. Foundry Co., Ltd.

referred to, of plaintiff's having become one of the incorporators of the Metropolitan Hardware Company, Limited, and have failed to find such an allegation. Perhaps plaintiff did in point of fact become one of the incorporators, but he does not so allege.

Nor do we find any allegation of the petitioner's having abandoned his contract. As we understand the theory of the petition it is that the same contract went on. The distinct allegation is that the Metropolitan Hardware Company, Limited, never came into existence, and that the business continued to be that of William Kline individually; and that the latter continued to be liable individually under the contract. It may be that at the formation, or supposed formation, of the corporation a new contract was entered into, superseding the old; and that plaintiff has declared on the wrong contract, but this does not appear by the allegations, except possibly as a matter of vague inference.

The prayer for citation of the Metropolitan Hardware Company, Limited, and for the appointment of a receiver, having been abandoned, the suit is one distinctly on the violation of a contract, and in consequence the petition shows a cause of action.

It is therefore ordered, adjudged and decreed that the judgment appealed from be set aside and that the case be remanded to be proceeded with according to law.