## CARPENTER v. METROPOLITAN LIFE INS. CO.
### No. 15087.

Court of Appeal of Louisiana. Orleans.
March 4, 1935.

Lewis R. Graham and Harry R. Cabral, both of New Orleans, for appellant.

Spencer, Gidiere, Phelps & Dunbar, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit on a policy of group insurance. The petition alleges that plaintiff, Willie Carpenter, a freight handler in the employ of the Southern Pacific Steamship Lines, was injured in the course of his employment on July 7, 1933; that the defendant, Metropolitan Life Insurance Company, had issued to his employer a policy of group insurance identified as policy No. 2000—G, Serial 55564, under which, as an employee, he was entitled to disability benefits of $37.60 per month for seven months, or from July 7, 1933, the date of his injury, through February 7, 1934.

Defendant answered admitting the issuance of the policy, but denied that it was in effect at the time plaintiff was injured because it had been superseded by another and a different policy of group insurance effective as of July 1, 1933, and that the substituted policy contained no provision for the payment of disability benefits to the employees of the insured. In the alternative, defendant averred that plaintiff's particular disability was not covered by the terms of the original policy.

There was judgment below in defendant's favor dismissing plaintiff's suit, and the plaintiff has appealed.

It is conceded that if the old policy was not in force when plaintiff was injured, he has no claim under the new one. The original policy was a "one year renewable term policy." The renewal date was January 1st, and it was in force during the year 1932, when, on December 28th, Mr. W. A. Worthington, vice president of the Southern Pacific Company, wrote to Mr. P. F. Bouquet, divisional sales manager of the Metropolitan Life Insurance Company, confirming a verbal understanding relative to a change in the policy for the year 1933, as follows:

"Southern Pacific Company,
"65 Market Street,
"San Francisco, California,
"December 28, 1932.

"Mr. P. F. Bouquet, Divisional Sales Manager, Metropolitan Life Insurance Company, San Francisco, California.

"Dear Mr. Bouquet: Referring to our telephone conversation, this is merely to confirm our understanding that it is not necessary for us to take any present action about renewing insurance policy for year 1933; that payment of the monthly premiums will be sufficient to carry along the group insurance from month to month, leaving us free to amend the plan at any time desired during the year. We would want to give the employees sixty days notice before the amendment is made effective.

"In this connection would like to know when Mr. Kavanagh expects to send on the revised certificate and plan for combining the group insurance with contributory pensions. While we have fixed a tentative date

of July 1st, would like to close up all the details so that we will be prepared to advance that date in case we should want to do so.

"Yours very truly,

"W. A. Worthington. [Signed.]"

The new policy was not issued until November 20, 1933, and it is this fact which the plaintiff relies on to show that the original policy, under which disability benefits were provided for, was still in force on July 7, 1933, the date on which the plaintiff was injured.

The testimony of Mr. Worthington and that of Mr. Bouquet, who reside in San Francisco, Cal., was taken under commission and both of these gentlemen testified that the negotiations concerning the change in the form of policy were concluded and an agreement reached prior to December 28, 1932, the date of Mr. Worthington's letter, the new policy to become effective July 1, 1933. They also testified that, though the original policy had been for the term of one year, that as a result of their agreement it was renewed from month to month after January 1, 1933, and until July 1, 1933, and that, thereafter, in accordance with the agreement referred to, "a premium approximated by agreement of the Southern Pacific Company and the Metropolitan Life Insurance Company was paid by the former to the latter." These gentlemen further testified that the benefits of the new policy were available to the employees of the Southern Pacific Company from and after July 1, 1933.

A copy of a pamphlet dated May 1, 1933, and entitled, "Group Life Insurance Plan," and addressed to "all officers and employees of the Southern Pacific Lines and Proprietary Companies," was circulated among its employees by the Southern Pacific Company. In the pamphlet the statement is made that the "company announces the adoption of a revised group life insurance effective July 1, 1933," and the details of the plan are set forth substantially as subsequently embodied in the policy when issued to the Southern Pacific Company by the Metropolitan Life Insurance Company on November 20, 1933.

Long prior to July 1, 1933, or on May 18, 1933, Willie Carpenter, the plaintiff herein, signed an application card under the new policy and admitted having seen the pamphlet outlining its benefits in the timekeeper's window. After July 1, 1933, the premium charged their employees by the Southern Pacific Company was considerably less than under the original policy. Willie Carpenter's premium, which, like that of other employees, was paid by deduction from his pay envelope, was reduced from $.96 to $.48.

Mr. C. A. Ehrhardt, the timekeeper for the Southern Pacific Company, who had obtained the signature of Willie Carpenter to the application under the new policy, testified that its provisions were explained to the employees, under his jurisdiction, as they filed past the pay window and signed the application blanks. He stated that in November, 1933, Carpenter offered to pay him $.48 as his insurance premium and that he declined to accept it because Carpenter was no longer an employee of the Southern Pacific Company.

From the foregoing, we are convinced that, notwithstanding the date of the actual issuance of the second policy to the Southern Pacific Company, the agreement between that company and Metropolitan Life Insurance Company, embodying the terms of the new policy, had been consummated and its provisions had become effective prior to July 7, 1933, and that plaintiff, one of the Southern Pacific employees, was given ample notice of the change and that, consequently, he knew or should have known of the character of the new policy, for the benefits of which he was paying a much reduced premium. However, the Metropolitan Life Insurance Company dealt with and issued its policy to the Southern Pacific Company, to whom it looked for the collection of the premium and with whom it had a perfect right to agree to a cancellation of the original policy, or the substitution of a new one with whatever coverage and such other conditions as might prove mutually satisfactory. Austin v. Metropolitan Life Ins. Co. (La. App.) 142 So. 337; Davis v. Metropolitan Life Ins. Co., 161 Tenn. 655, 32 S.W.(2d) 1034.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.