LOTTINGER, Judge.
This is a suit for a deficiency judgment for the balance due on a promissory note which was secured by a chattel mortgage. The movables subject to the chattel mortgage were sold by the Sheriff under execu- *540 tory process, and this suit followed. The petitioner is the Bank of Terrebonne and Trust Company, Houma, Louisiana, and the defendants are Hayes J. Marcel, Jr., the maker of the note and mortgagor in the act of chattel mortgage, and Hayes J. Marcel, Sr., the accommodation maker of the note. The Lower Court rendered judgment in favor of petitioner, and the defendants have appealed.
The facts show, as is disclosed by the record in the prior proceeding, that the petitioner was the holder of a promissory note and chattel mortgage. Upon failure of defendants to pay the note they voluntarily surrendered an automobile which was subject to the chattel mortgage to the petitioner under an agreement whereby petitioner would attempt to sell the vehicle for the amount due under the note. After surrender of the automobile, it was discovered that the transmission was damaged, and the petitioner being unable to sell it in such condition, requested that defendants have the transmission repaired. The defendants refused to pay for the said repairs.
Subsequently, on March 11, 1957, petitioner filed executory proceedings against the defendants. The defendants resisted the executory proceedings, alleging that when they voluntarily surrendered the car to petitioner all parties agreed that the entire obligation would be canceled and extinguished. Defendants therefore ruled petitioner into Court to show cause why the writ of seizure and sale executed under the executory proceedings should not be enjoined, and prayed that their rights to claim damages in a subsequent proceeding be reserved to them.
A hearing was held on the questions involved, after which the rule to show cause was dismissed and the preliminary writ of injunction was denied.
The mortgaged property was subsequently sold by the Sheriff, with appraisement, and the proceeds credited to the amount of the original loan, after' which there remained a balance due in the sum of One Thousand One Hundred Fifty-two and 83/100 ($1,152.83) Dollars. This balance is the subject of the present suit wherein the petitioner seeks a deficiency judgment.
The defendants filed answer to the suit for deficiency judgment, which answer is coupled with a reconventional demand for damages. In said answer and reconven-tional demand, the defendants claim that the note has been fully paid and discharged,, and that the executory proceedings were illegal, null and void. They claim that as a result of the said actions, the defendants have suffered damages in the total sum of Seven Hundred Twenty-five ($725) Dollars insofar as Mr. Marcel, Jr. is concerned, and Five Hundred ($500) Dollars insofar as Mr. Marcel, Sr. is concerned.
The petitioner filed an exception of res judicata as well as an exception of estoppel by judgment to the answer and reconven-tional demand by the defendants. The Lower Court maintained the said exceptions, and rendered a deficiency judgment as prayed for by petitioner. The defendants have appealed devolutatively.
The pertinent codal article in question is LSA-Civil Code Article 2286 which, provides as follows:
“The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.”
As the said article restricts the rights of citizens to seek relief in the courts of our state, it is the jurisprudence of our state that the doctrine of res judicata is strict! juris, and if there is any doubt as to' its application it can not be maintained. Bullis v. Town of Jackson, 203 La. 289, 14 So.2d 1; Kendig & Co. v. Campbell, 2 McGloin 275; State v. American Sugar Refining Co., 108 La. 603, 32 So. 965.
*541 The Courts have held, under the provisions of Article 2286, that three (3) requirements must he met:
(1.) The thing demanded must be the same;
(2.) The cause must be the same; and
(3.) The parties must be the same.
This formula was borrowed by our Code from the Code Napoleon (Article 1351); by the Code Napoleon from Pothier, Obligations, No. 889; and by Pothier from the Roman Juris Consults. According to Car-pentier et du Saint, Vol. 2, pg. 92 is found the following:
“For a clear comprehension of the matter of ‘the identity of the object’, it should be remarked that in laying down the principle of the authority of the thing adjudged, the legislator has not merely wished to prevent the return of a suit already declared; he has wished also to avoid as far as possible any contradiction between two judicial decisions.
“It should be laid down in principle that if a right has been affirmed or denied in a suit, there would be the necessary identity of object, if in a new suit there is put into question the same right, even though the dispute be as to a consequence which has not been passed upon in the original suit.” See also Carpenter v. Metropolitan Life Insurance Company, La.App., 167 So. 223; Picard v. Mutual Life Insurance Company of New York, 212 La. 234, 31 So.2d 783, 788.
The defendant in this case has cited us State v. American Sugar Refining Company, 108 La. 603, 32 So. 965 and Quarles v. Lewis, 226 La. 76, 75 So.2d 14. In the American Sugar Refining Company case, the state brought an action to recover license taxes from the defendant for the years 1900 and 1901. The defendant filed an answer pleading that it was a manufacturer and that as such was exempt of license taxes by the term of the Constitution of the state. To this the state filed a plea of res judicata based on a former suit wherein the license for 1898 and previous years had been claimed and the same defense of exemption from taxes had been urged. In the American Sugar Refining Company case the Court, in passing upon the issue of the identity of the thing demanded, applied the test of whether the previous demand had been decided on a question of law or on a question of fact. Having found that only a question of law was the basis of the judgment pleaded, it held the plea of res judicata to be without merit. Had the question been one of fact, the holding clearly infers, res judicata would have been sustained. The court said (32 So. 966) “ * * * there can be no objection to litigating a second time a question of law, provided the litigation is in connection with different facts.” There is no question but that the first suit brought by defendants herein, that is the injunction suit, involved a question of fact.
In Quarles v. Lewis the Court was confronted with a suit for damages for defendant’s failure to comply with a contract for the purchase of real estate. That suit had been preceded by another suit by the same parties wherein petitioner sought and recovered a judgment for specific performance of the defendant’s promise to purchase the real estate. Subsequent to the judgment in specific performance the sale was executed and thereafter the petitioner sued for damages. The defendant pled res judicata, which was maintained by the Lower Court. In reversing the Lower Court as well as this Court, 67 So.2d 106, the Supreme Court stated as follows [226 La. 76, 75 So.2d 15]:
“On the face of things, it would appear that the view of the lower courts is in conflict with Article 2286 of the LSA-Civil Code for that Article declares that the authority of the thing adjudged takes place only with respect to the object of the judgment. Since *542 the object of the first suit was to compel a specific performance whereas this suit is for recovery of damages resulting from untimely performance, it is clear that the demand in this suit is not the same as that in the first action, even if it be conceded that defendant’s breach of contract gave rise to but one cause of action (which counsel for plaintiff ■ strenuously deny). Accordingly, it would seem to follow that the plea of res adjudicata is not well taken unless it be, as defendant professes, that the judgment in the first suit is conclusive not only of the issue there presented but also of all matters which might have been pleaded therein — a concept of res adjudicata having its origin in the common law.”
We cannot see where defendant can obtain much comfort from this case as the case now appears to us that the two cases involved therein had two separate and distinct objects and not an identity of objects as is required by LSA-Civil Code Article 2286 and the French authors here-inabove cited. It appears to us that the main object in the first suit of Quarles was a demanding of the Court to force the defendant to perform the contract (that is, to purchase the property) whereas the object in the second suit was to collect damages from the defendant for the delay of performance of the contract. There was no identity of objects in the two suits and therefore res judicata could not apply.
In the case of Carpenter v. Metropolitan Life Insurance Company, La.App., 167 So. 223, 226, this was a case that was presented with a demand to recover disability benefits under a group insurance policy for the period from March 7, 1934 to October 7, 1934. The defendant insurance company filed a plea of res judicata founded upon the judgment of dismissal in a prior suit between the same parties for benefits under the same policy for the period from July 7, 1933 to February 7, 1934. The original suit had been dismissed under the '.holding that the policy had been canceled prior to the alleged disability of the petitioner and the court stated:
“We deem it of vital importance to the administration of justice that litigation between the same parties upon the same cause of action, having in view the recovery of a certain object, viz., disability benefits, should come to an end where it has been previously determined, because of a factual defense invoked, that no benefits at all may be recovered.
“It is settled by the jurisprudence that a court has the right to reconsider question of law previously determined by the same parties, provided that the thing demanded has come into existence at a different time from the thing demanded in the prior litigation.
“But, where the dispute has been determined on questions of fact, the principle of res adjudicata precludes the court from entertaining it again, even though the thing demanded may not be identical with relation to the time of accrual as the thing demanded in the first suit. If it were otherwise, actions involving the same subject-matter between the same parties relating only to questions of fact might be brought and tried over and over again to the harassment, expense, and disadvantage of the litigant who was successful in the first instance.”
Similar reasonings were applied by the Louisiana Supreme Court in Picard v. Mutual Life Insurance Company of New York, 212 La. 234, 31 So.2d 783. The question was presented there with respect to statutory penalties and attorney fees by virtue of the defendant’s failure to pay disability benefits under a policy of insurance. A prior suit decided in the Federal Court, 5 Cir., 155 F.2d 105, denied recovery of statutory penalties and attorney fees for disability benefits under the same policy and between the same parties, but for a different period of time. The disability was a continuing one. The Court held that *543 the question presented was one of fact and that there was identity of objects in both suits and applied the doctrine of res judicata, saying [212 La. 234, 31 So.2d 792]:
“Counsel’s argument, in our opinion, overlooks two important factors, these being (1) that the claim for statutory penalties and attorney’s fees is merely incidental to and dependent on the main demand for disability benefits, and (2) that in essence the main demand in each suit is for payments under the same policies for a continuing disability, and it arises out of defendant’s continuing refusal to pay which commenced in April, 1944. What is involved in both is only the right of plaintiff to recover for his continuing disability (not for any particular month or months), as well as the right of the insurer to deny payment until the dispute concerning that disability has been litigated and determined by a final judgment. For plaintiff to recover in the two suits, both on the main demand and the incidental demand, he must show initial and primary liability of the insurer under the policies and that the latter did not have just and reasonable grounds for refusing originally to pay. Here the disability claimed is not separable; neither is the refusal to pay. The disability alleged on in both cases is a continuing one, and it gives rise to a continuing refusal to make payment. The situation would be different if the cases concerned separate and distinct disabilities or separate and independent refusals to pay; but they do not. * * *
“The issue respecting penalties and attorney’s fees in the cases under consideration is purely and solely one of fact — whether the insurer had just and reasonable grounds for refusing to pay plaintiff’s continuing disability claim. And the facts surrounding that issue are the same as is evidenced by the litigants’ act of having tried this case almost wholly on the record of the previous litigation. As to the trial in the state district court, plaintiff’s counsel say that, ‘Not much additional testimony was presented, and the factual case here is substantially that presented in the Federal Court Suit.’ * * * ”
Now the question presented as we perceive the situation is a question of determining the object of the two suits involved herein as the appellant admits that the cause of action and the parties are the same in both suits. In the first suit the defendant asked for the issuance of the preliminary injunction enjoining the-seizure and sale of the property, however,, the request for the injunction was merely ancillary or a consequence to the fundamental or main object or demand of the-defendant to the effect that the Court declare the indebtedness to have been extinguished and canceled. Naturally he-could not enjoin the sale if the obligation giving grounds for the seizure and sale-was still in full force and effect. In the subsequent or second suit, however, the defendant, by way of reconventional demand,, seeks damages for the alleged unlawful seizure and sale of the property under the original executory proceeding. Their request for damages is predicated upon the-same factual allegations as was presented: by defendants in the original suit, i. e.,_ that the obligation had been extinguished when the automobile was released to petitioner. Naturally the defendant cannot hope to get damages in the second suit if the obligation giving grounds for the seizure and sale was in full force and effect. Therefore, as we view the situation, the main object of the injunction suit was the demanding of the Court to declare the indebtedness to have been extinguished and' canceled, and, as a consequence thereto, to-en join the sale, whereas the main object of the second suit is likewise a demanding-of the Court to declare the indebtedness, to have been extinguished and canceled,, and, as a consequence, to collect damages-as a result of the alleged illegal sale. It appears to us that there is an identity of objects and demands in the two suits and'. *544 for that reason the plea of res judicata should be maintained.
Furthermore, the original proceeding was assigned to Division “A” of the 17th Judicial District Court, whereas the second proceeding has been assigned to Division “B”. If we were to overrule the plea of res judicata we would be sending the matter back for trial on the same issues of fact and on the same main demands which has already been decided before a different judge, which would present a most undesirable situation. We feel that the question presented for decision is purely a question of fact which has already been decided in the original suit. The record in the original suit is before us and the transcript is complete, and both parties have had their day in Court on this demand.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs to be paid by appellants.
Judgment affirmed.