BOLIN, Judge.
On March 8, 1965, plaintiff filed suit against defendant for $913.75 for the sale, delivery and installation of an air conditioning handler unit. The lower court rendered judgment for plaintiff as prayed for but on appeal to this court the judgment was reversed and plaintiff’s demands rejected (181 So.2d 468). The present action is predicated on essentially the same facts of the first suit but seeks a judgment for a lesser amount on different theories, i. e., quantum meruit, or, alternatively, the rental value of the air conditioning handler unit. Further, in the alternative, plaintiff seeks the right to remove this unit from defendant’s premises.
Defendant filed a plea of res judicata which was sustained and plaintiff appeals.
The sole question presented is whether the plea of res judicata was properly sustained. The essential elements of res judi-cata as set forth in Louisiana Civil Code Article 2286 are:
“The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.”
*219 Also pertinent to a proper resolution of the question is Louisiana Code of Civil Procedure Article 862:
“Except as provided in Article 1703, a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief.”
The allegation upon which recovery was sought in the first petition was article number 3 as follows:
******
“On October 7, 1964, petitioner sold, delivered, and installed one WTE 120 G. E. Air Handler unit for the sum of Eight Hundred Ninety-five and No/100 ($895.-00) Dollars, to defendant, which amount defendant also has not paid to this date.” ******
In the instant suit the allegations of fact are:
******
2.
“On October 7, 1964, petitioner delivered and installed one WTE 120 G. E. Air Handler unit in defendant’s nursing home in Minden, Louisiana.”

6.
“Petitioner shows that the value of the unit and installation of the air handler to be as follows:
Cost of Air Handler.$472.26
Cost of Processing and Setting Up Unit with the Installation of Refrigerant and the cost of Refrigerant. 120.00
Labor to Install Unit in Defendant’s nursing home (actual cost) . 152.00
TOTAL COST: $744.26
for which amount petitioner is entitled to recover from defendant, Meadowview Homes, Inc.”
7.
“In the alternative and in the event the Court should find that the defendant is not indebted unto petitioner under the theory of quantum meruit or quasi contract, and only in this event, petitioner alleges that defendant is indebted unto petitioner in the sum of Seven Hundred Fifty and No/100 ($750.00) Dollars for the rental value of the unit from October 7, 1964 to January 7, 1966, and further for rental value from January 7, 1966 until the time of removal from defendant’s premises at the rate of Fifty and No/100 ($50.00) Dollars per month.”
8.
“Further, in the alternative and only in the event that the Court should decide that the defendant is not liable to petitioner under the theory of quantum meruit or quasi contract, petitioner is entitled to an order commanding the defendant to allow plaintiff to enter upon the premises of defendant’s nursing home and to remove plaintiff’s air handler unit from said property.”
Appellant contends, since our judgment in the first suit was based on the finding there was a lack of consent sufficient to support a contract of sale, he is entitled to maintain his second suit which is predicated on different grounds.
For the purpose of determining whether a plea of res judicata has merit the reasons for a judgment are not relevant but only the decree. The decree in the first case merely rejected petitioner’s demand for the entire amount sued for.
Neither the object of the judgment, the demand nor the cause of action is determined by the theory of the pleadings but by the allegations of fact. We hold petitioner pleaded sufficient facts under Article 3 of his first petition, which would have allowed him to seek and prove his entitlement to the relief he asks for in the instant suit. Accordingly, the lower court *220 was correct in sustaining the plea of res judicata.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.
Affirmed.