PRICE, Judge.
This is a redhibitory action under the provisions of La.C.C. Art. 2520 et seq., brought by a contractor against a supplier of ready mix concrete. Plaintiff alleges that the concrete mixture was defective when delivered to the construction site as it contained particles of wood and balls of clay which rendered it unsuitable for the purpose intended.
The defendant denies that these foreign materials were in the concrete at the time of delivery.
The trial court rendered judgment in favor of the defendant. From this adverse judgment the plaintiff has perfected this appeal.
Plaintiff was the sub-contractor for the concrete work, drains, plumbing and electrical work for the construction of a warehouse at the site of the Coca-Cola plant in Tallulah. Defendant, a dealer in concrete products, manufactured and delivered ready mix concrete to plaintiff for construction of the concrete slab for the warehouse. The concrete slab was poured on May 26, 1971. Several days thereafter the surface of the slab appeared to be flaking and popping up. Three cores were removed from the slab and tested for strength. The test revealed the concrete to have suitable strength but the smoothness of the surface was not acceptable. The plaintiff employed two men to grind the surface of the slab to a depth below the flaking and to the required smoothness. The grinding exposed wood particles in the slab. The plaintiff called this to the attention of Paul Stewart, the architect. Stewart notified the plaintiff by a letter that the concrete slab would have to be rejected because it contained wood particles. Thereafter plaintiff hired a contractor with demolition equipment to break up and remove the slab. After breaking up the concrete it was discovered that the slab was impregnated with balls of clay which plaintiff contends rendered it all the more unsuitable. After rebuilding the slab plaintiff filed this suit to recover costs incurred in removal and replacement of the slab amounting to $13,732.95, and for reasonable attorney’s fees as allowed under the provisions of La.C.C. Art. 2545.
No real issue is made on the unsuitability of the concrete for the purpose intended after discovery of the wood particles.
The primary issue to be resolved on this appeal concerns the correctness of the trial judge’s holding that the plaintiff failed to prove the contaminating materials were present in the wet concrete mixture at the time of delivery.
The general rule is set forth in La.C.C. Art. 2530 which provides that the buyer who institutes the redhibitory action must prove the vice existed before the sale. The jurisprudence has followed the mandate of this article in requiring the buyer to establish by a preponderance of the evidence the existence of the vice at the time of sale. Schexnayder v. Stansbury, 45 So.2d 545 (La.App. Orl. 1950); Langlinais v. Soileau, 58 So.2d 274 (La.App. 1st Cir. 1952).
*479 Plaintiff in brief to this court acknowledges the foregoing to be the law of this State and that he is required to prove the defects complained of existed when delivery was made to him. He takes the position that because of the nature of the substance involved, the method of manufacture and delivery of it limits the possibility of the foreign matter being injected into the mixture other than at defendant’s plant and that defendant should come forth with proof sufficient to establish to the contrary.
As the evidence in this case shows, the wet concrete mixture (a combination of cement, gravel, sand and water) was delivered by defendant in mobile concrete mixers and poured directly into forms prepared by the plaintiff on the job site. The mixture was then under the exclusive control of the plaintiff while being processed and cured into the finished slab.
The trial judge in his reasons for judgment found the evidence did not show with sufficient clarity whether the foreign material in the concrete slab resulted from delivery by defendant of a contaminated mixture or if it resulted from a lack of care on the part of plaintiff or his employees.
Plaintiff contends on this appeal the trial court erred in allowing defendant to produce evidence tending to intimate the foreign materials in the slab could have resulted from negligence of plaintiff or his employees as this is an affirmative defense which should have been set forth in answer to plaintiff’s petition as required by La.C.C.P. Articles 1003 and 1005. We agree with the trial judge that under a general denial of the allegations of plaintiff’s petition this evidence is admissible to negate the allegation that the foreign material was present in the mixture delivered to plaintiff.
Plaintiff further contends that the trial court required of him a greater burden of proving the contamination at the time of sale by more than the usual preponderance of the evidence and demanded proof beyond a reasonable doubt by showing the origin of the foreign material and negating all other possibilities of how the contamination might have come about.
Although it may be inferred from some of the language contained in the written reasons of the trial judge that he required plaintiff to produce stricter proof than that provided by the jurisprudence, we construe his conclusions to be actually based on a lack of a preponderance of the evidence.
Plaintiff’s evidence consisted primarily of his own testimony and the testimony of the personnel of the architectural firm who inspected the slab prior to and after it was poured. He further relied on physical evidence consisting of cores taken from the slab and broken pieces saved from the demolition to show the extent of wood and clay contained therein.
Defendant presented two experts in the concrete industry who testified as to the improbability of the clay balls or wood particles coming from the manufacturing process and the possibilities of this happening because of carelessness of plaintiff or his employees.
We do not think plaintiff has satisfied the burden of proof by presenting evidence which as a whole shows that the fact or causation he seeks to prove is more probable than not.
Plaintiff testified that the forms were properly prepared for pouring the concrete. This was corroborated by Wayne Holtzclaw, an employee of the architect, who inspected the construction site the day before the pouring. However, the concrete finishers and the employees of plaintiff present during the pouring were not called as witnesses to corroborate the testimony of plaintiff. We think these employees could have negated the inference that the contamination could have resulted from conditions at the construction site immediately prior to and during the pour *480 ing. The testimony of these men who worked extensively with the wet concrete mixture immediately after it was delivered, if favorable to plaintiff, would have completed the chain of causation and established that it was more probable than not the concrete mixture was defective when delivered.
We find no manifest error in the conclusions of the trial judge and, therefore, affirm the judgment at appellant’s cost.
Affirmed.