283 So.2d 830 (1973)
VICO CONCRETE COMPANY, INC., Plaintiff-Appellee,
v.
Guy ANTLEY, Defendant-Appellant.
No. 12135.
Court of Appeal of Louisiana, Second Circuit.
September 11, 1973.
Rehearing Denied October 10, 1973.
Writ Refused December 14, 1973.
*831 Charles H. Ryan, Monroe, for defendant-appellant.
Theus, Grisham, Davis & Leigh, by Charles H. Heck, Monroe, for plaintiff-appellee.
Before BOLIN, PRICE and HALL, JJ.
En Banc Rehearing Denied October 10, 1973.
PRICE, Judge.
The appellant herein, Guy Antley, seeks reversal of the judgment of the trial court sustaining an exception of res judicata and dismissing his demands against Vico Concrete Company, Inc.
The dispute between the parties arises out of the delivery of allegedly defective concrete ready mix by Vico to Antley for use in the construction of a warehouse in Tallulah, Louisiana, in May, 1971. The present action was brought by Vico for the amount owed by Antley on open account for the unpaid balance of the purchase price of the ready mix furnished. In an answer and reconventional demand, Antley denies liability for the purchase price of the concrete and seeks reimbursement for expenses and damages occasioned him by reason of Vico allegedly having failed to deliver suitable concrete mix.
An exception of res judicata was filed by Vico urging that the demands of Antley in this action are one and the same as contained in a prior suit brought by Antley against Vico in Madison Parish in which Antley's demands were rejected. This judgment was affirmed by this court in the opinion reported at 269 So.2d 477, writs having been denied by the Louisiana Supreme Court in 271 So.2d 259. Our prior opinion described the factual background and the nature of the prior action as follows:
"This a redhibitory action under the provisions of La.C.C. art. 2520 et seq., brought by a contractor against a supplier of ready mix concrete. Plaintiff alleges that the concrete mixture was defective when delivered to the construction site as it contained particles of wood and balls of clay which rendered it unsuitable for the purpose intended."
* * * * * *
"Plaintiff was the sub-contractor for the concrete work, drains, plumbing and electrical work for the construction of a warehouse at the site of the Coca-Cola plant in Tallulah. Defendant, a dealer in concrete products, manufactured and delivered ready mix concrete to plaintiff for construction of the concrete slab for the warehouse. The concrete slab was poured on May 26, 1971. Several days thereafter the surface of the slab appeared to be flaking and popping up. Three cores were removed from the slab and tested for strength. The test revealed the concrete to have suitable strength but the smoothness of the surface was not acceptable. The plaintiff employed two men to grind the surface of the slab to a depth below the flaking and to the required smoothness. The grinding exposed wood particles in the slab. The plaintiff called this to the attention of Paul Stewart, the architect. Stewart notified the plaintiff by a letter that the concrete slab would have to be rejected because it contained wood particles. Thereafter plaintiff hired a contractor with demolition equipment to break up and remove the slab. After breaking up the concrete it was discovered that the slab was impregnated with balls of clay which plaintiff contends rendered it all the more unsuitable. After rebuilding the slab plaintiff filed this suit to recover costs incurred in removal and replacement of the slab amounting to $13,732.95, and for reasonable attorney's fees as allowed under the provisions of La.C.C. Art. 2545."
* * * * * *
"The primary issue to be resolved on this appeal concerns the correctness of the trial judge's holding that the plaintiff failed to prove the contaminating materials were present in the wet concrete mixture at the time of delivery."
*832 In his pleadings in the matter presently before us for review, Antley makes essentially the same allegations of fact as contained in his prior suit against Vico and asks that a remission of the balance due on the purchase price be granted and he be awarded substantially the same amount for expenses and damages resulting from the delivery of imperfect ready mix concrete. The principal variance in the allegations in the two proceedings is in regard to the nature of the legal relationship between Antley and Vico. In the first action Antley alleged it was one of buyer-seller. In the present suit he contends Vico was a subcontractor as it agreed to supply a quantity of concrete ready mix of certain specifications to be delivered at a time and in a manner to be specified by him. He alleges he is entitled to the relief sought as a result of a breach of contract. Thus on this basis, Antley argues the cause of action and the thing demanded are not the same and that the trial court was in error in sustaining the exception of res judicata.
The plea of res judicata is provided by La.C.C. art. 2286 as follows:
"The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."
To sustain a plea of res judicata in accordance with the provisions of this article, the jurisprudence requires that the second suit be between the same parties; that the main object or thing demanded be the same, and that it have the same cause as the first. Hope v. Madison, 194 La. 337, 193 So. 666 (1940); Bank of Terrebonne v. Marcel, 102 So.2d 539 (La.App. 1st Cir. 1958).
In determining the issue of the identity of the thing demanded, it is appropriate to consider whether the previous demand was decided on a question of law or a question of fact. Where the determination was made on a question of fact, the identity of the thing demanded has been satisfied. State v. American Sugar Refining Company, 108 La. 603, 32 So. 965 (1902).
The main object of Antley in his previous suit styled "a redhibitory action" was to recover costs expended by him in replacing the defective concrete slab allegedly caused by Vico having supplied concrete ready mix containing impurities. Although he says it in a somewhat different manner, this is the same relief requested in the present action. Here he contends his damages were occasioned by Vico failing to deliver concrete ready mix not containing foreign particles as contracted for.
Either of these contentions must necessarily be resolved by the resolution of whether the contaminating particles were in the ready mix when it was delivered and poured into Antley's forms from the truck of Vico. Thus we are of the opinion the main object or thing demanded in both actions by Antley is identical. See Bank of Terrebonne v. Marcel, supra; Carpenter v. Metropolitan Life Insurance Co., 167 So. 223 (La.App.Orleans, 1936); Picard v. Mutual Life Insurance Company of New York, 212 La. 234, 31 So.2d 783, 788 (1947); Richards v. Crescent Towing and Salvage Co., 115 So.2d 894 (La.App.Orleans, 1959).
We are further of the opinion that Antley's cause of action in the present suit is sufficiently identical to that asserted in the prior action to warrant the application of the doctrine of res judicata. The nature of a suit is not to be determined by the label put on it by the factual pleadings and the prayer. Pellegrini v. McCarthy, 175 So.2d 410 (La.App. 4th Cir. 1965).
Although Antley alleges the conclusion in his reconventional demand that his *833 order of concrete ready mix from Vico constituted a contract for performance of services as well as the sale of a product (the basis on which he contends his action is for breach of contract in this suit), the allegations of fact in his answer and reconventional demand lead us to the conclusion his relationship with Vico was that of vendor-vendee and his sole remedy falls under the codal article relating to sales.
In opposition to this view, Antley cites the cases of Victory Oil Company v. Perret, 183 So.2d 360 (La.App. 4th Cir. 1966), and Kegler's, Inc. v. Levy, 239 So. 2d 450 (La.App. 4th Cir. 1970). Although the trial judge conceded the applicability of the Kegler case to accept Antley's argument that his relationship with Vico was more than a simple sale of a product and was a contract to perform services in connection with the delivery of the material it had agreed to supply, we are not in accord with this finding.[1]
In Victory Oil Company and in Kegler's, Inc., the issue of "sale" as opposed to a "breach of contract to perform services" was resolved for the purpose of determining the applicable prescriptive period. The facts of Victory Oil Company are not analogous to the instant case. There, a different quality of oil was furnished than specified in the order. There was no allegation that the oil furnished was defective. The court indicated that had this been alleged the action would have been classed as redhibitory under the sales article of the code. In the instant case, although Antley has attempted to allege that concrete other than that specified was delivered, the thrust of his factual allegations are that defective or contaminated ready mix was supplied.
In Kegler's, Inc., the court dealt with a written contract to supply and install carpeting in the construction of a bowling alley. The court found the services to be performed on the job site of cutting, fitting and laying the carpet was a principal object of the agreement and that this was more than a simple sale of carpeting and applied a ten-year prescriptive period for breach of contract rather than the one year applicable to redhibitory actions.
There are no allegations in the present demand by Antley that Vico was to perform any further service in regard to the wet concrete mix other than to deliver it into Antley's forms on the job at a time requested by Antley. We do not consider this analogous to the circumstances in Kegler's, Inc., which influenced the court to treat the action as one of breach of contract. We conclude Antley's remedy under his factual pleadings in this action to fall under the sales articles relating to redhibitory vices. To be successful he must prove the concrete ready mix contained the wood particles and clay balls when delivered by Vico. This factual issue has previously been litigated and adjudged by the court and now has the authority of the thing adjudged under La.C.C. art. 2286.
For the foregoing reasons the judgment appealed from is affirmed at appellant's costs.
NOTES
[1] The trial court after accepting this argument of Antley nonetheless found the factual allegations of his two demands were such that the same relief could have been granted in the first action as sought in his demand in this suit under La.C.C.P. art. 862. The court relied on the case of Black v. Meadowview Homes, Inc., 201 So.2d 218 (La.App.2d Cir. 1967) in sustaining the exception.