McCALEB, Justice.
 

 This is a suit for $51,110 damages for personal injuries sustained by plaintiff on July 7, 1958 when he was struck in the back by a piece of pipe protruding from a passing logging truck while he was walking over the Mississippi River Bridge at Baton Rouge. The truck was owned and operated by one Albert Blanchard but this suit is directed against Walter Marionneaux, Jr. and his public liability insurance carrier, General Accident Fire & Insurance Corp. Ltd., it being alleged by plaintiff that Blanchard was the employee of Marionneaux and engaged on a mission for the latter at the time of the accident.
 

 Defendants denied in their answer that Blanchard was Marionneaux’s employee and affirmatively alleged that he was an independent contractor. However, defendants filed a third-party complaint against Blanchard and his public liability insurer, American Fidelity & Casualty Company, contending that, should it be found that they are liable to plaintiff, then they are entitled to judgment against Blanchard and his insurer, as primary carrier, indemnifying them for whatever loss they may sustain as a result of Blanchard’s negligence.
 

 Upon being called into the case, Blanchard and his insurer filed a third-party complaint against Williams, the original plaintiff, pleading that they had compromised and settled Blanchard’s liability with Williams for $4,750 and had obtained a release from him in which he acquitted and discharged them and covenanted to indemnify and save them harmless “for all claims and demands for damages, actions costs, loss of service, accidents, or compensation on account of, or in any way growing out of said accident or its results, both to person or property”.
 

 Subsequent to the assertion of the third-party complaints, Marionneaux and his insurer filed exceptions of no right or cause of action to plaintiff’s petition and an exception of res judicata. Similar exceptions were then interposed by the third-party defendant, American Fidelity & Casualty Co. and, thereafter, at a hearing on these pleas, the release pleaded by Blanchard and his insurer in their third-party complaint was admitted in evidence without objection.
 
 [1]
 
 The exceptions were
 
 *720
 
 sustained and plaintiff’s suit dismissed. From this judgment plaintiff appealed to the Court of Appeal, First Circuit,
 
 [2]
 
 where the ruling of the trial judge was affirmed. See Williams v. Marionneaux, 116 So.2d 57. On plaintiff’s application we granted certiorari and the matter has been submitted for our decision.
 

 The exceptions of no right or cause of action and of res judicata are founded on identical grounds. Substantially, defendants contend that plaintiff’s compromise settlement with and release of Blanchard, the alleged employee, redounded to the benefit of Marionneaux whose repsonsibility for Blanchard’s quasi offense was vicarious and secondary, being derived solely from ati alleged employer and employee relation, and that the settlement agreement is res judicata, even as to Marionneaux, in view of Article 3078 of the Civil Code providing that “Transactions have, between the interested parties, a force equal to the authority of things adjudged. * * *
 

 These contentions were upheld in the district court and the Court of Appeal, both courts deducing that the exception of res judicata was well taken under the authority of Muntz v. Algiers & G. St. Ry. Co., 116 La. 236, 40 So. 688 and McKnight v. State, La.App., 68 So.2d 652 and also finding that the exception of no right or cause of action was good because the release of the alleged tortfeasor, Blanchard, effected a discharge of Marionneaux, since his liability, as master, was vicarious and secondary in nature.
 

 In our opinion the plea of res judicata is not tenable. Article 2286 of the Civil Code provides in explicit terms that “The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the.same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality”.
 

 Here, one of the requisites for the maintenance of the plea of res judicata is lacking, i. e., the demand is not between the same parties who entered into the compromise settlement which is said to have had the force of the thing adjudged.
 

 It is true that this court, in Muntz v. Algiers, sustained a plea of res judicata in a situation similar in principle to that
 
 *722
 
 appearing in the case at bar
 
 [3]
 
 but a reading of that opinion will reveal that the Court, in reaching its conclusion, failed to consider or even cite Article 2286 of the Civil Code and the three requirements set forth therein which must be present in order for the plea to be well founded. We are therefore forced to conclude that the Court was in error in maintaining the plea, for, there, as here, one of the essential elements of res judicata was lacking in that the suit was not between the same parties who were the litigants in the prior case. The same observations apply to the ruling in McKnight v. State, decided by the First Circuit Court of Appeal in 1953,
 
 [4]
 
 which was based on Muntz v. Algiers.
 

 Nonetheless, there can be no doubt of the correctness of the result reached in the Muntz and McKnight cases. The rationale of these decisions is that a plaintiff’s cause of action abates against the person secondarily liable when it is shown that he has already litigated with the tortfeasor or tortfeasors and they have been held to be without fault. Accordingly, a plea in bar of judicial estoppel would have been appropriate procedurally.
 

 On the other hand, we think the exception of no cause of action is well founded. In Louisiana, the liability of the servant for damages under Article 2315
 
 [5]
 
 of the Civil Code for injuries to another caused through his negligence is primary. Conversely, the liability imposed on the
 

 
 *724
 
 master by Article
 
 2320
 
 of the Code in favor of third persons for the damages occasioned by his servant’s negligence, while exercising the functions in which the servant is employed, rests solely on the principle of respondeat superior and is derivative or secondary in all cases where the master himself is not at fault. See Cox v. Shreveport Packing Co., 213 La. 53, 34 So.2d 373. Hence under our law, unlike some common law states (see 57 C.J.S. Master and Servant § 579), the master is not considered a joint tortfeasor with his servant when his liability for the negligence of the servant is based solely on the doctrine of respondeat superior. Accordingly, since the liability of the master in a case like this is purely derivative, he is entitled to reimbursement from
 
 his
 
 servant, the one primarily responsible, in the event he is required to pay damages to the injured party resulting from the servant's negligence. Brannan, Patterson & Holliday v. Hoel, 15 La.Ann. 308; Costa v. Yochim, 104 La. 170, 28 So. 992.
 
 [6]
 
 The rule stated in the above cited cases has been followed without exception and applied in kindred situations in which a party whose liability is vicarious has sought and been awarded reimbursement from the tortfeasor, the person primarily liable for the injuries and damage. Sutton v. Champagne, 141 La. 469, 75 So. 209 and Appalachian Corporation v. Brooklyn Cooperage Co., 151 La. 41, 91 So. 539. See also Rumpf v. Callo, 16 La.App. 12, 132 So. 763 and Spurlock v. Boyce-Harvey Machinery, La.App., 90 So.2d 417.
 

 Since Marionneaux had the right to recoup from Blanchard whatever damages he might have been obliged to pay plaintiff for injuries resulting from Blanchard’s negligence while the latter was acting in furtherance of his duties as Marionneaux’s employee, the question arises as to the legal effect produced by the compromise and settlement by plaintiff of his claim against Blanchard, in which he covenanted to indemnify and save Blanchard harmless for all claims and demands for damages growing out of the accident. This release, in our view, not only operated to discharge Blanchard as the party primarily responsible; it effected a complete release of Marionneaux, who was only secondarily liable. And this, despite the attempted reservation by plaintiff in the release of all of his rights against Marionneaux and his liability insurer.
 

 There was but one cause of action which the law gave plaintiff in recompense for
 
 *726
 
 his injuries. That cause of action sounded exclusively in tort under Article 2315 of the Civil Code. Under Article 2320 this same cause of action for Blanchard’s alleged tort was assertable against Marionneaux but it was cognizable only because Blanchard was allegedly acting in his function as an employee of Marionneaux at the time Blanchard committed the negligencet act causing plaintiff’s injury. Now, when Blanchard compromised with plaintiff, he repaired his wrong and, therefore, was fully acquitted from further liability. This acquittance inured to the benefit of Marionneaux for the release of the tortfeasor must be held to release Marionneaux also from further responsibility, as his liability for the tortious act was vicarious in nature and derived solely from his legal relation to the wrongdoer.
 

 To give legal effect to the reservation contained in the release, as plaintiff would have us do, would produce consequences of a most unseemly nature—for, if Marionneaux should be held responsible to plaintiff notwithstanding that the tortfeasor has already repaired the wrong conformably with Article 2315, Marionneaux would be entitled to reimbursement from Blanchard, as the party primarily responsible, and Blanchard, in turn, would be entitled to indemnification from plaintiff as he contractually agreed to save Blanchard and his insurer harmless for all claims and demands for damages on account of the accident.
 

 The contention of plaintiff’s counsel in this case is that the $4,750 paid by Blanchard was only partial compensation for the injuries and special damages plaintiff sustained and that he has the right to collect the remainder from Marionneaux as this right was specifically reserved in the release.
 

 The answer to this proposition is two-fold. In the first place, plaintiff had only one cause of action, as aforesaid, for the damages sustained by him. This action for damages cannot be split into two causes of action. See Norton v. Crescent City Ice Mfg. Co., 178 La. 135, 150, 150 So. 855, 859 and P. Olivier & Sons v. Board of Com’rs, 181 La. 802, 160 So. 419.
 
 [7]
 

 Furthermore, for the reasons above stated, we do not regard the reservation of rights against Marionneaux contained in the release to be effective. Indeed, since the compromise had the legal effect of discharging Marionneaux, plaintiff’s reservation of his rights against Marionneaux in
 
 *728
 
 the release amounted to naught as plaintiff no longer had any legal rights to reserve.
 

 For the foregoing reasons the judgment of the district court, as affirmed by the Court of Appeal, is reversed insofar as it maintained the exception of res judicata but, in all other respects, the judgment is affirmed at plaintiff’s costs.
 

 [1]
 

 . While evidence is not admissible on an exception of no cause of action, which is triable solely on the face of the papers, it is nevertheless well settled that, where evidence is received without objection, it has the effect of enlarging the pleadings and may, therefore, be considered in determining whether the plaintiff has a cause of action. Rheuark v. Terminal Mud & Chemical Co., 213 La. 732, 35
 
 *720
 
 So.2d 592 and Roy O. Martin Lumber Co. v. Saint Denis Securities Co., 225 La. 51, 72 So.2d 257.
 

 Apart from this, however, the release was properly receivable under defendants’ exception of res judicata and would have also been admissible on trial of the exception of no right of action, if that exception properly challenged plaintiff’s legal right to sue rather than the cause on which his action is founded.
 

 [2]
 

 . Marionneaux and his insurer also appealed from the legality of the dismissal of their third-party complaint against Blanchard and his insurer.
 

 [3]
 

 . In Muntz v. Algiers the defendant railway company’s lessee had been sued by plaintiff for the death of his child and the lessee was adjudged to be without fault. However, in another action against the defendant railway in a different court, the railway was held vicariously liable, as lessor, it being found that its lessee was guilty of negligence. Defendant’s exception of res judicata, which had been overruled by the lower court, was based on the judgment exonerating its lessee from liability while the suit against it was ponding in the district court. On appeal to this Court, this plea of res judicata was sustained.
 

 [4]
 

 . In that case plaintiff, having lost her suit against certain State employees to recover damages for the death of her husband as the result of their alleged negligence, brought action against the State under the doctrine of respondeat superior after having obtained its waiver of immunity from suit. The State interposed an exception of res judicata based upon the judgment in favor of its employees rendered in the prior suit. The exception was sustained in the lower court and the judgment was affirmed in the Court of Appeal, that court holding that, under the authority of Muntz v. Algiers, an exception had been established by this Court to the requirements of Article 2286 of the' Civil Code.
 

 This conclusion, although not without justification in view of the Muntz holding, cannot stand because the clear language of the codal requirement that “ * * * the demand must be between the same parties, * * * ” in order for the matter to be res judicata admits of no exception. For an erudite discussion of the McKnight and Muntz cases see the note by Mr. Donald J. Tate in Yol. 14, Louisiana Law Review, pps. 901— 905.
 

 [5]
 

 .The Article declares, in part, “Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it; * *
 

 [6]
 

 . In the Xochim case, the rule of law is stated in a syllabus by the Court thus:
 

 “The master is liable to third persons for injury growing out of his employé’s negligence. If he (the master) is not in fault, he may recover from
 
 his
 
 employe the damages which he has been made to pay, if the accident was caused by the negligence or carelessness of the employe while in the master’s service.”
 

 [7]
 

 . In Quarles v. Lewis, 226 La. 76, 75 So.2d 14, we took occasion to comment on the Norton and Olivier cases observing that, whereas the cases were properly decided, the Court was in error in regarding the defendants’ pleas as pleas of res judicata but should have treated them as exceptions of no cause of action or judicial estoppel.