Goldie **FRIEDENTHAL**, Appellant,

v.

**GENERAL INSURANCE COMPANY OF AMERICA** d/b/a Safeco Insurance Company of America, et al., Appellees.

No. 25350.

United States Court of Appeals Fifth Circuit.

May 17, 1968.

Wilson M. Montero, Jr., New Orleans, La., for appellant.

Ben C. Toledano, H. F. Foster, III, Stephen T. Victory, New Orleans, La., for appellees.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

■ In this diversity negligence action involving a collision in the State of Louisiana among three motor vehicles, appellant Goldie Friedenthal sued the liability insurance carrier of her husband Ben J. Friedenthal (under the Louisiana Direct Action Statute, LSA–R.S. 22:655 (1950)) and the operators and insurance carriers of the other two vehicles. Defendants' motion for summary judgment was maintained by the district court which sustained a plea of judicial estoppel because all of the issues sought to be tried in the federal court suit were identical to and had been tried in a Louisiana state court in the suit of Ben Friedenthal for damages for his physical injuries and as head and master of the community (under Louisiana law) for the medical expenses of his wife Goldie Friedenthal. In the state suit there was judgment in favor of Ben Friedenthal in his own behalf, and as head of the community for his wife's medical expenses, holding one of the drivers solely at fault and specifically exonerating Ben Friedenthal and the third driver of any negligence. Louisiana recognizes the principle of judicial estoppel. California Company v. Price, 234 La. 338, 99 So.2d 743 (1957); Williams v. Marionneaux, 240 La. 713, 124 So.2d 919 (1960).

■ Under Louisiana law appellant had but one cause of action as a result of her physical injuries, but it was necessary under Louisiana law that the husband as head of the community bring the action for her medical expenses. See McConnell v. Travelers Indemnity Company, 5 Cir., 1965, 346 F.2d 219. This was done in the state court action referred to. It is clear, therefore, that in legal effect all of the parties before the court were also parties to the state court suit, and that appellant was judicially estopped from a retrial of the issues already fully considered and determined by the state court. The doctrine of judicial estoppel under the circumstances here has been applied by us in Cauefield v. Fidelity and Casualty Company of New York, 5 Cir., 1967, 378 F.2d 876, and Seaboard Air Line R. Co. v. George F. McCourt Trucking, Inc., 5 Cir., 1960, 277 F.2d 593. The facts of this case already having been fully litigated and determined in the state court suit are conclusive against appellant.

Affirmed.