271 So.2d 363 (1972)
General CALDWELL, Plaintiff-Appellant,
v.
MONTGOMERY WARD & COMPANY, INC., Defendant-Appellee.
No. 11963.
Court of Appeal of Louisiana, Second Circuit.
November 28, 1972.
Sparks & Jordan by James D. Sparks, Jr., Monroe, for plaintiff-appellant.
Theus, Grisham, Davis & Leigh by J. Bachman Lee, Monroe, for defendant-appellee.
Before AYRES, PRICE, and HEARD, JJ.
HEARD, Judge.
This is a suit for damages for personal injuries sustained by plaintiff when his vehicle was involved in a head-on collision with a car owned and driven by Michael O. Carter. At the time of the accident, Carter was employed by Montgomery Ward as a carpet salesman and was on his way to Bastrop on defendant's business. Carter was not made a defendant in this suit as plaintiff's petition stated that he and his liability insurer, Maryland Casualty Insurance Company, settled plaintiff's claim against him for $9,500 with plaintiff specifically reserving his rights against defendant in the written release. Plaintiff's petition was met by an exception of no *364 cause of action on behalf of defendant which was sustained, and this appeal followed.
The exception of no cause of action was well founded. Under our Civil Code, Article 2315, the liability of a servant for damages to another caused through his negligence is primary. Conversely, the master's liability imposed by LSA-C.C. Art. 2320 in favor of third persons for the damages resulting from his servant's negligence, while engaged in the course and scope of his employment, rests solely on the principle of respondeat superior and, in all cases where the master himself is not at fault, is derivative or secondary. According to the jurisprudence, where the master's liability is purely secondary or vicarious, he is entitled to reimbursement from his servant, the one primarily responsible, in the event he is required to pay a third person damages resulting from the servant's negligence. They are not considered to be joint tortfeasors. Costa v. Yochim, 104 La. 170, 28 So. 992 (1900); Spurlock v. Boyce-Harvey Machinery, La.App., 90 So.2d 417 (1st Cir. 1956); Jobe v. Hodge, 253 La. 483, 218 So.2d 566 (1969); Williams v. Marionneaux, 240 La. 713, 124 So.2d 919 (1960).
Recognizing the above principles, the Supreme Court in Williams, supra, an almost identical situation, held that since the defendant-employer had the right to recoup from his employee any damages he might have been obliged to pay plaintiff for injuries resulting from the employee's negligence while acting in furtherance of his duties as employee, the legal effect produced by the compromise and settlement by plaintiff of his claims against the employee not only discharged him as the party primarily responsible, but also effected a complete release of the employer who was only secondarily liable, despite an attempted reservation by plaintiff in the release of all his rights against the employer and his insurer. The court further announced that there was only one cause of action in the case, tort under 2315, and this same cause of action was assertable against the employer under 2320, but was cognizable only because the tortfeasor was allegedly acting in his function as employee. Thus when the employee compromised with plaintiff, he repaired his wrong and was acquitted from any further liability. This acquitance inured to the employer's benefit, for the release of the tortfeasor must be held to also release him from further liability as his liability for the act was vicarious in nature, being derived solely from his legal relation to the wrongdoer. Plaintiff's reservation was for naught as there were no longer any legal rights to reserve.
The instant case is squarely on point with the above principles, and the same effect will be given to the release in this case. Plaintiff's release of defendant's employee was also a release of defendant.
Appellant contends that the Williams agreement can be distinguished from the one in the instant case for, in the former, there was an indemnity and save harmless agreement by plaintiff to and in favor of the employee whom he released. This is a distinction without a difference. In both cases giving legal effect to the reservations would, as the court said in Williams (124 So.2d p. 923) "produce consequences of a most unseemly nature." In both cases the employer would be entitled to reimbursement from his employee who had already paid and repaired the wrong. In Williams, this would have been taken one step further as under the indemnity agreement, plaintiff there would then have had to pay to the employee that which he had just recovered from the employer.
For the above and foregoing reasons the judgment of the trial court sustaining the exception of no cause of action is affirmed at appellant's cost.