289 So.2d 346 (1973)
OLSEN ENGINEERING CORPORATION et al., Plaintiffs-Respondents,
v.
HUDSON ENGINEERING CORPORATION et al., Defendants-Appellees, and
UNITED STATES STEEL CORPORATION, Defendant-Third Party Plaintiff-Relator.
OLSEN ENGINEERING CORPORATION et al., Plaintiffs-Appellees,
v.
HUDSON ENGINEERING CORPORATION et al., Defendants-Appellees, and
UNITED STATES STEEL CORPORATION, Defendant-Third Party Plaintiff-Appellant.
Nos. 9445, 9580.
Court of Appeal of Louisiana, First Circuit.
December 17, 1973.
Rehearing Denied February 11, 1974.
Writ Refused April 11, 1974.
*347 Harry McCall, Jr., and Charles L. Chassaignac, New Orleans, for U. S. Steel Corp.
John F. Pugh, Thibodaux, for Olsen Engineering Corp.
H. F. Foster, III, New Orleans, for American Auto Ins. and Travelers Indem. Co.
Philip J. McMahon, Houma, for Hudson Engineering Corp.
Before SARTAIN, TUCKER and WATSON, JJ.
SARTAIN, Judge.
This appeal and writ application arose out of two suits for property damage allegedly caused by a gas pipeline explosion which occurred near Gibson, Louisiana on December 17, 1968. Plaintiffs in the two suits are Olsen Engineering Corporation and its subrogated insurers, American Automobile Insurance Company and Travelers Insurance Company in Suit No. 9580, and P. R. Insulation, Ltd., Inc. in Suit No. 9581. Named as defendants in Suit No. 9580 were Hudson Engineering Corporation, its insurer, Phoenix Insurance Company of Hartford, United States Steel Corporation and the Travelers Indemnity Company. Named as defendants in Suit No. 9581 were Hudson Engineering Corporation, its insurer, Phoenix Insurance Company of Hartford, United States Steel Corporation, Shell Oil Company and its insurer, the Travelers Indemnity Company.
Hereinafter Olsen Engineering Corporation, American Automobile Insurance Company, Travelers Insurance Company and P. R. Insulation, Ltd., Inc. will be collectively referred to as plaintiffs; Hudson Engineering Corporation will be referred to as Hudson; and United States Steel Corporation will be referred to as U. S. Steel.
In both of these suits U. S. Steel filed a third party demand against Hudson. Both suits were consolidated for trial in the district court.
Shortly before the trial date, Hudson filed an exception of res judicata to U. S. Steel's third party demand against it. Plaintiffs filed a rule to show cause which urged the district court to enter a partial judgment against U. S. Steel decreeing U. S. Steel estopped to deny certain facts and thereby relieving plaintiffs of the necessity of proving the same.
*348 The facts which give rise to both the exception and the rule are that on December 17, 1968 one Malcolm Laird, a Shell Oil Company employee, was killed as a result of the same explosion which plaintiffs allege caused the destruction of their property. Shirley Roberts Laird, individually and on behalf of her two minor children, brought an action for the wrongful death of Malcolm Laird, her husband, in the U. S. District Court for the Eastern District of Louisiana. Numerous defendants were named in that suit but ultimately all defendants were dismissed except Hudson, the alleged designer and builder of the pipeline, and U. S. Steel, the alleged manufacturer of the pipe used in the pipeline. In that suit U. S. Steel filed a cross-claim against Hudson seeking indemnification and/or contribution for any amounts for which it might be cast in judgment. This cross-claim alleged that Hudson's construction and installation of the pipeline was faulty and deficient. Hudson also filed a cross-claim against U. S. Steel seeking indemnification on the grounds that the explosion was caused by the negligence of U. S. Steel. Hudson alleged that the pipe was improperly designed constructed and manufactured by U. S. Steel.
Prior to trial of the Laird case in the federal court, the present suits seeking property damage were filed in state court. In the state court suits U. S. Steel filed a third-party demand against Hudson seeking indemnification and/or contribution for the same reasons as alleged in the federal cross-claim.
Mrs. Laird's claim was tried by jury in the federal court and a verdict was returned in her favor on June 17, 1970. Interrogatories were answered by the jury and those answers established the following facts:
1. The 40 foot section of 30 inch pipe which was involved in the explosion was manufactured by U. S. Steel.
2. The pipe was defectively manufactured by U. S. Steel.
3. The defect of the 40 foot section of the 30 inch pipe in question was the proximate cause of the explosion and fire.
Based on the answers to the interrogatories, judgment was rendered in favor of Shirley Roberts Laird, individually and on behalf of her two minor children, and against U. S. Steel. Mrs. Laird's claim against Hudson was dismissed and the cross-claim of U. S. Steel against Hudson was dismissed. U. S. Steel appealed this decision to the United States Fifth Circuit Court of Appeals and the judgment was affirmed. See Laird v. Hudson Engineering Corporation, 449 F.2d 216 (5th Cir., 1971).
Hudson's exception of res judicata to the third-party demand filed by U. S. Steel in the state court suits was based upon the judgment rendered in the Laird suit which had dismissed the cross-claim of U. S. Steel against it.
Plaintiff's rule and motion for a partial judgment decreeing U. S. Steel estopped to deny certain facts established by the jury in the Laird case was based upon the doctrine of judicial or collateral estoppel.
The trial court sustained the exception filed by Hudson and granted plaintiffs' motion. As to the motion of plaintiffs, the trial court ruled that U. S. Steel was bound by the findings of fact in the Laird case and was thus estopped to relitigate the issue of its negligence under the doctrine of judicial estoppel. The trial court entered this judgment after consideration of the record in the Laird case which was introduced in support of plaintiffs' motion and Hudson's exception.
From the rulings of the trial court on plaintiffs' motion and Hudson's exception, U. S. Steel applied to this court for writs of certiorari and review (Suit No. 9445). We ordered the issuance of alternative writs concerning the trial court's judgment on the plea of estoppel raised by plaintiffs. The application for writs was denied as to *349 the ruling on the exception of res judicata filed by Hudson upon a determination that U. S. Steel had an adequate remedy by appeal. U. S. Steel then perfected an appeal from the judgment sustaining Hudson's exception of res judicata. The writ pending in Suit No. 9445 has been consolidated with the appeal of U. S. Steel in Suit No. 9580 and 9581. Pending this appeal P. R. Insulation, Ltd., Inc. entered into a settlement with the defendants in Suit No. 9581 and that suit has been dismissed. P. R. Insulation, Ltd., Inc. has also been dismissed from the writ pending in Suit No. 9445.
U. S. Steel asserts that the trial court erred in sustaining the exception of res judicata filed by Hudson and in holding U. S. Steel estopped to deny certain facts found by the federal court in the Laird suit.
Thus, the issues presented are (1) whether the dismissal of U. S. Steel's cross-claim in the Laird case is res judicata of the third-party demand asserted by U. S. Steel in these state court suits, and (2) whether the doctrine of judicial estoppel applies herein so as to estop U. S. Steel from denying in the present suit certain facts established by the federal court in the Laird case.

THE EXCEPTION OF RES JUDICATA
The essential elements of res judicata are set forth in La.C.C. Article 2286 as follows:
"Art. 2286. The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."
It is well settled that in order for res judicata to apply, under the provisions of C.C. Article 2286, three requirements must be met: (1) the thing demanded must be the same; (2) the cause of action must be the same; and (3) the parties must be the same. Bank of Terrebonne & Trust Company v. Marcel, 102 So.2d 539 (1st La.App.1958).
Due to the restraint which an application of res judicata places upon the right of citizens to seek judicial relief, it has been construed stricti juris, and if there be any doubt as to the correctness of its application, an exception of res judicata should not be maintained. Simon v. Broussard, 216 So.2d 668 (3rd La.App. 1968); Johnson v. Sweat, 265 So.2d 801 (3rd La.App.1972), writs refused, 263 La. 105, 267 So.2d 211 (1972).
U. S. Steel argues that in the instant suits none of the three requisite elements for application of res judicata are present and that the trial court erred in sustaining Hudson's exception.
Concerning the first element required by C.C. Article 2286 for application of res judicata, U. S. Steel claims that the "thing demanded" by its third-party demand herein is not the same as the "thing demanded" in the cross-claim adjudicated in the Laird case. U. S. Steel argues that the thing demanded in Laird was indemnification and/or contribution for any damages it might be compelled to pay for the wrongful death of Malcolm Laird, whereas in the instant suits the third-party demand is for indemnification and/or contribution for any amounts it might be condemned to pay as damages for destruction of and damage to property.
On the other hand, Hudson asserts that the thing demanded by U. S. Steel in its cross-claim in the Laird suit was indemnification and/or contribution, and that in the instant suits the same object is sought by U. S. Steel via its third-party demand. Thus, Hudson contends the first element necessary for application of res judicata is met herein.
Both U. S. Steel and Hudson cite in brief numerous cases which have dealt *350 with the question of what constitutes the "thing demanded" for purposes of application of res judicata. In analyzing this question we have examined, among others, the following cases: State v. American Sugar Refining Co., 108 La. 603, 32 So. 965 (1902); Carpenter v. Metropolitan Life Insurance Co., 167 So. 223 (Orl.La. App.1936); Picard v. Mutual Life Insurance Co. of New York, 212 La. 234, 31 So.2d 783 (1946); California Company v. Price, 234 La. 338, 99 So.2d 743 (1957); Bank of Terrebonne & Trust Company v. Marcel, supra; Hart v. Hardgrave, 103 So.2d 910 (2nd La.App.1958); Richards v. Crescent Towing & Salvage Co., 115 So.2d 894 (Orl.La.App.1959); Lege v. United States F. & G. Co., 186 So.2d 670 (3rd La.App.1966); White v. White, 233 So.2d 289 (1st La.App.1970), writs refused, 256 La. 361, 236 So.2d 497 (1970); and Heine v. Muse, 206 So.2d 529 (1st La.App.1968).
Our review of the jurisprudence on this point reveals no general rule for the determination of the identity of the object demanded. In Heine v. Muse, supra, this court aptly stated:
"... as a review of our jurisprudence will reveal, no general rule to determine the concurrence of identity of the object demanded has been formulated. This is of no great import, however, since the question is only a practical one of comparing the thing sought to be recognized as legally extant by each suit." (206 So.2d at page 531).
Our analysis of the pleadings in the Laird case discloses that the main demand therein was for damages for wrongful death of the plaintiff's husband. By cross-claim in that suit U. S. Steel demanded indemnification and/or contribution from Hudson for any amounts it might be condemned to pay as damages for the wrongful death of Mr. Laird. The federal district court held that U. S. Steel was not entitled to indemnification nor contribution from Hudson for the damages due the plaintiff for the wrongful death of her husband and dismissed the cross-claim.
In the state court suits plaintiffs, Olsen and P. R. Insulation, Ltd., Inc., sought damages for the destruction of property allegedly caused by the explosion. In its third-party demand against Hudson in these state court suits, U. S. Steel demanded indemnification and/or contribution from Hudson for any amounts it might be held liable for as damages for the destruction of plaintiffs' property.
The "thing demanded" by Mrs. Laird in the prior federal court suit and the "thing demanded" by plaintiffs in these state court suits is not the same. One is a demand for damages for wrongful death, while the other is a demand for damages for destruction of property. However, Hudson contends that the demand by U. S. Steel in both the federal cross-claim and the state third-party demand is the same. Hudson asserts that the "thing demanded" in both is the right to indemnification and/or contribution. Hudson also argues that we should not be swayed or confused by the thing demanded in the main or principal demand in each of these suits, but should limit our inquiry solely to what was demanded by U. S. Steel in each suit.
We note initially that in order to maintain a third-party demand said demand must arise out of or have some causal connection with the principal demand and a defendant can only assert a third-party demand against one who might be liable to him for all or part of the principal demand. C.C.P. Article 1111; Karam v. St. Paul Fire & Marine Insurance Company, 281 So.2d 728 (La.Sup.Ct.1973). Therefore, our inquiry must encompass what is demanded by U. S. Steel in its third-party demand as it relates to the main demand in these suits.
In the instant suits the thing demanded by U. S. Steel is indemnification and/or contribution for any damages it might be *351 condemned to pay for the destruction of plaintiffs' property. The demand in the federal cross-claim was for indemnification for any damages U. S. Steel might be held liable for in Mrs. Laird's suit for wrongful death. That demand was rejected in the federal court in the Laird case. However, the issue of Hudson's liability for indemnification and/or contribution to U. S. Steel for any damages it might be condemned to pay for property damage sustained by the plaintiffs in these state court suits was not adjudicated in the Laird case.
While the two demands are similarly worded and rely upon substantially similar factual allegations, the "thing demanded" in the two claims is not the same. Therefore, the decision of the federal court which dismissed the cross-claim of U. S. Steel in Laird is not res judicata of the third-party demand presented in these state court suits. Accordingly, the ruling of the trial court sustaining the exception of res judicata to the third-party demand of U. S. Steel must be reversed.
In view of our determination that the "thing demanded" in the two suits is not the same, we need not discuss the remaining two elements necessary under C.C. Article 2286 for application of res judicata to this case.

THE PLEA OF ESTOPPEL
Plaintiffs in these suits filed a peremptory plea of estoppel seeking a partial judgment to the effect that U. S. Steel should be estopped to deny in these suits certain findings of fact made by the jury in the Laird case. The trial court granted the motion and rendered judgment which provided that U. S. Steel was estopped to deny the following facts which had been established in the Laird case:
"1) That the pipe in which the rupture occurred giving rise to the explosion and fire of December 17, 1968, sued upon herein, was manufactured by defendant, United States Steel Corporation.
2) That the pipe was defectively manufactured by defendant, United States Steel Corporation.
3) That said defective pipe was the proximate cause of the explosion and fire of December 17, 1968."
From this judgment U. S. Steel applied for writs of certiorari or review to this court. Writs were granted and consolidated with the appeal of U. S. Steel from the judgment rendered on the exception of res judicata.
U. S. Steel asserts that the trial court erred in applying the doctrine of judicial or collateral estoppel to this case. Plaintiffs assert that the doctrine of collateral estoppel is well established in our law and that the trial court was correct in holding U. S. Steel to be bound by the findings of fact made in the Laird case.
In ruling on this plea of estoppel the judge a quo stated as follows:
"The doctrine of estoppel arose out of our jurisprudence as an adaptation to our law of the Common Law Doctrine of Estoppel which was very broad and far reaching. On the other hand the doctrine of res judicata, is a statutory defense and has always been stricti juris and not readily extended. Both doctrines have been applied by our courts overlappingly. Estoppel being used where its stricter partner in law res judicata could not be stretched and justice demanded some relief."
The trial judge went on to hold that all of the issues surrounding the alleged negligence of U. S. Steel had been established in the federal court and thus, held U. S. Steel estopped to deny the facts established in the federal court suit by Mrs. Laird.
U. S. Steel contends that the doctrine of collateral estoppel forms no part of our law and that it should not be held estopped to deny facts which were established in the Laird case since the plaintiffs herein were not parties to that action.
*352 We note initially that there is some dispute over whether Louisiana embraces the doctrine of collateral or judicial estoppel.[1] Our brothers of the Fourth Circuit have indicated an unwillingness to apply the doctrine. See: Shell Oil Company v. Texas Gas Transmission Corporation, 176 So. 2d 692 (4th La.App.1964); and Bordelon v. Landry, 278 So.2d 173 (4th La.App. 1973).
Plaintiffs assert that the doctrine of judicial estoppel is recognized in Louisiana and cite the cases of California Company v. Price, 234 La. 338, 99 So.2d 743 (1957); McKnight v. State, 68 So.2d 652 (1st La. App.1953), writ denied February 15, 1954; and Williams v. Marionneaux, 240 La. 713, 124 So.2d 919 (1960) in support of that contention.
In California Company v. Price, supra, the validity of a mineral lease was in question. In a prior suit the validity of the same mineral lease had been adjudicated by the Supreme Court covering monies owed thereunder for a time period prior to the institution of the present suit. In holding the parties estopped to relitigate the validity of the mineral lease the court stated:
"It is the settled jurisprudence of this court that matters once determined by a court of competent jurisdiction, if the judgment has become final, can never again be called into question by the parties on their privies, though the judgment may have been erroneous and liable to certain reversal on appeal. (Citations omitted).
"Moreover, even if res judicata cannot be strictly applied the parties to this litigation are bound by judicial estoppel which extends to every material allegation or statement made on one side in the prior Price case and denied on the other which was determined in the course of the proceedings." (Citations omitted).
In McKnight v. State, supra, this court sustained an exception of res judicata in a suit against the State of Louisiana for the negligence of three state police officers. In a prior suit the same plaintiff had been unsuccessful in obtaining a judgment against the three officers individually. In Williams v. Marionneaux, supra, the Supreme Court approved the result reached in McKnight but stated that the case should have been decided on the basis of judicial estoppel rather than on the basis of res judicata.
In Grain Dealers Mutual Insurance Company v. Hardware Dealers Mutual Fire Insurance Company, 196 So.2d 650 (1st La.App.1967) this court recognized the doctrine of judicial estoppel as legally sound and advisable to adopt where applicable.
While the above decisions indicate a judicial recognition of the doctrine in the state, we find more serious the contention of U. S. Steel that the application of the doctrine herein is erroneous for the reason that the parties to this suit and the parties to the Laird suit are not the same.
In Shell Oil Company v. Texas Gas Transmission Corporation, supra, the court, in discussing the nature of collateral estoppel as it is known in the common law, stated at 176 So.2d, page 696:
"Collateral estoppel is that aspect of res judicata concerned with the effect of a final judgment on subsequent litigation of a different cause of action between the same parties involving the same issue or issues determined in the initial action. Insofar as the same may be applicable here, the doctrine is to the effect that a fact actually litigated by the parties, and determined in an earlier suit by a valid *353 and final judgment, is conclusive as between those parties and their privies in any later suit even though the cause of action was not the same in both suits, provided that the determination of fact was essential to the judgment in the earlier suit." (Citations omitted and emphasis added).
Plaintiffs argue that the issues present in these state court suits and those presented and decided in the Laird case are the same. It is plaintiffs' position that the requirement of identity of parties should be relaxed with respect to the application of judicial estoppel where it will prevent fruitless relitigation of an issue which has already been judicially decided.
In support of the contention that judicial estoppel can operate notwithstanding a lack of identity of parties in the two suits, plaintiffs cite the cases of Cauefield v. Fidelity & Casualty Co. of New York, 378 F.2d 876 (5th Cir. 1967) and Friedenthal v. Williams, 271 F.Supp. 524 (E.D.La.1967), affirmed, Friedenthal v. General Insurance Co., 395 F.2d 202 (5th Cir. 1968).
In the Cauefield case the issue presented was whether plaintiffs' suit for damages for desecration of a cemetery was barred by res judicata or judical estoppel. In a prior suit against the same defendants by one Sid Thomas it was judicially determined that there has been no desecration of any graves in the cemetery. Under the applicable Louisiana law the plaintiff in a desecration suit need prove only that any grave in the cemetery had been desecrated in order to recover. The plaintiffs in Cauefield had been participating witnesses in the prior suit by Thomas. Clearly the parties plaintiff in the two suits were not the same and the court held res judicata inapplicable under Louisiana law. However, the court found the doctrine of judicial estoppel applicable notwithstanding a lack of identity of the parties in the two suits. In so doing the court relied upon a line of cases which had relaxed the strict identity of parties requirement in cases involving vicarious liability. See: Muntz v. Algiers & Gretna Street Railway Co., 116 La. 236, 40 So. 688 (1906), lessors vicarious liability for lessee's action; McKnight v. State, supra, respondeat superior; and Bowman v. Liberty Mutual Insurance Co., 149 So.2d 723 (1st La.App.1963), employer's liability for negligence of employee.
In the Friedenthal case, supra, Mrs. Friedenthal was a guest passenger in an automobile driven by her husband. A collision occurred between the Friedenthal auto and a car being driven by the defendant, Y. T. Williams. Mrs. Friedenthal was injured. Mr. Friedenthal brought an action in state court to recover medical expenses and property damage. In the state court suit Williams' negligence was found to be the sole proximate cause of the accident. Later, Mrs. Friedenthal sued in federal court for her personal injuries alleging that both Williams and her husband were negligent. Relying primarily upon the language used in the Cauefield case, the federal district court held that Mrs. Friedenthal was judicially estopped from relitigating the issue of her husband's negligence.
We find these above cited cases inapposite to the instant matter. In finding a relaxation of the identity of parties requirement, the court in Cauefield relied primarily upon a line of cases which had involved some form of vicarious liability. No such vicarious liability situation has been shown to exist between the plaintiffs in the instant suits and the plaintiff in the Laird case. In addition, the Cauefield case presented an unusual set of facts and circumstances not present herein. In Friedenthal the federal appellate court determined that under Louisiana law Mrs. Friedenthal had but one cause of action for her injuries, but that it was necessary for her husband to bring the state court action to recover her medical expenses as head and master of the community. Thus, the court held that in legal effect all of the parties to the federal court suit had also been parties to the state court action. We find no *354 similar situation presented by the instant suits.
The Louisiana cases on this subject reveal that the doctrine of judicial or collateral estoppel has only been applied in situations where the same parties were before the court in both proceedings. In California Company v. Price, supra, the same parties were before the court as claimants in that suit as had been present in a previous concursus proceeding involving the same mineral leases. In Richards v. Crescent Towing & Salvage Co., 115 So.2d 894 (Orl.La.App.1959), the same plaintiff had filed four different lawsuits against the same defendant claiming damages due to his contraction of tuberculosis in the course of his employment. It was held that a judgment rendered in federal court on one of these suits judicially estopped the plaintiff from relitigating the same claim in state court.
In State v. Placid Oil Company, 274 So. 2d 402 (1st La.App.1972), writ granted, 275 So.2d 778 (La.Sup.Ct., 1973), this court in refusing to apply the doctrine of judicial estoppel therein stated as follows:
"The plea of judicial estoppel is likewise not well founded, inasmuch as this doctrine, to the extent that it has applicability in Louisiana law, contemplates the identity of parties in subsequent litigation compared with prior litigation, and an attempt by the party against whom the doctrine is urged to rescind or change an admission made in the prior litigation." (Emphasis added).
The plaintiffs in the instant suits were not parties to the federal court suit brought by Mrs. Laird. Clearly, the requisite identity of parties necessary for application of the doctrine of judicial estoppel is missing herein. Therefore, the judgment of the district court decreeing U. S. Steel estopped to deny certain facts established in the Laird case is in error.
Finally, the alignment of the litigants in this cause is most significant. Plaintiff, Olsen Engineering Corporation, sued Hudson Engineering Corporation and U. S. Steel as co-tort-feasors. Specific acts of negligence were averred against each of these defendants in plaintiffs' petition. Clearly, neither the plea of res judicata or judicial estoppel is applicable as against the plaintiff for the reasons stated above. Further, the "indemnification, contribution and recovery" U. S. Steel seeks against Hudson Engineering Corporation is not premised on contract but is bottomed entirely on averred acts of negligence by Hudson Engineering Corporation, third party defendant. Thus, it is clear that plaintiff has the right under its petition to proceed against these two defendants as co-tort-feasors and each is required to respond to plaintiffs' charges of negligence.
The fact that another plaintiff (Laird) in another forum brought suit against U. S. Steel Corporation and the latter third-partied Hudson Engineering Corporation, cannot preclude this litigant from proceeding in accordance with the plaintiffs' petition.
Our perusal of C.C.P. Art. 1111 forces us to conclude that the exceptions urged by Hudson Engineering Corporation under the particular facts of this case were not contemplated. The first paragraph of the article reads as follows:
"The defendant in a principal action by petition may bring in any person, including a codefendant, who is his warrantor, or who is or may be liable to him for all or part of the principal demand." (Emphasis ours)
It is not claimed either by the original plaintiff or by the third party plaintiff that Hudson Engineering Corporation is a warrantor of U. S. Steel Corporation. To the contrary, Hudson Engineering Corporation stands accused as a co-tort-feasor by the plaintiffs.
To sustain the exceptions raised by Hudson Engineering Corporation could have the anomalous effect of releasing one co-tort-feasor *355 from its obligation of contribution to another.
Accordingly, for the above reasons, the judgment appealed from in Suit No. 9580 (Suit No. 9581 having been dismissed) which maintained the exception of res judicata filed by Hudson, is reversed. Also, the ruling of the trial court in Suit No. 9445 decreeing United States Steel estopped to deny certain facts listed therein on the grounds of judicial estoppel is reversed and set aside and the writ issued in this regard, is accordingly, made peremptory. These cases are remanded to the district court for trial on the merits of both the main demands and the third party demand.
The costs of these proceedings in Suit No. 9445 are assessed against the respondents in writ and the costs of the appeal in Suit No. 9580 are assessed against appellees. All other costs are to await a final determination on the merits.
Writ made peremptory, judgment reversed, and remanded.
WATSON, Judge Ad Hoc.
I concur with the conclusions reached in the principal opinion.
Only as to the third party claim of United States Steel against Hudson Engineering Corporation and the latter's insurers would I add certain comments.
There is an uncertainty in the Louisiana jurisprudence as to precisely where we stand on the doctrines of collateral estoppel, judicial estoppel and estoppel by judgment. For a Federal analysis of the Louisiana law see the scholarly exposition in Stevens v. New Orleans and Northeastern Railroad Co., 341 F.Supp. 497 (E.D.La. 1972). Also see Cauefield v. Fidelity and Casualty Co. of New York, 378 F.2d 876 (5th Cir. 1967).
Counsel for Hudson Engineering and its insurers assert, correctly in my opinion, that in California Company v. Price, 234 La. 338, 99 So.2d 743 (1957); McKnight v. State, 68 So.2d 652 (La.App. 1 Cir. 1953), writ denied; and Williams v. Marionneaux, 240 La. 713, 124 So.2d 919 (1960), Louisiana has embraced the doctrine of judicial estoppel. Certainly, it appears to me that these cases support a conclusion that when the same parties (here U. S. Steel and Hudson) have tried the same issues of fact (here whether U. S. Steel or Hudson or both were responsible for the explosion), there is no reason to try these same facts again as between the same parties.
The third party demand involves identical parties and the thing demanded (as between them) is exactly the same. U. S. Steel has had its day in court on its contentions against Hudson. It has had a full evidentiary hearing with a multiplicity of experts and other witnesses. As between U. S. Steel and Hudson, their dispute has gone to judgment in a court of law.
This seems to be exactly the type of situation where the doctrine of judicial estoppel would apply. However, the plaintiff here has named both U. S. Steel and Hudson as defendants. No purpose would be served in this situation by deciding U. S. Steel is estopped as against Hudson.
It is unfortunate in my opinion that the issues between these two defendants must be tried once again. The question is: why should U. S. Steel have another bite at the apple? The only possible reason is that a different court might reach a different result. In my opinion, litigants should have a full and fair hearing on their causes of action, but once only. This would have the benefits, among others, of effecting judicial economy, avoiding a multiplicity of litigation, avoiding inconsistent results and promoting respect for our judicial system.
Therefore, if the only issues presented were those between U. S. Steel and Hudson, I would favor applying the doctrine of judicial estoppel, but since plaintiff's rights cannot be determined in this manner, I concur with the conclusions of the principal opinion.
NOTES
[1] See: O'Quin, "Res Judicata, Matters Which Might Have Been Pleaded", 2 La.L. Rev. 491, 524 (1940). See also: "The Work of the Louisiana Appellate Courts for the 1967-1968 Term", Pleadings, 29 La.L.Rev. 278, 279 (1969) wherein Justice Tate stated that the doctrine of judicial estoppel "... may or may not apply in Louisiana."