ON APPLICATION FOR REHEARING
PER CURIAM.
Attachments to the application for rehearing show that Cook’s insurer did not pay the judgment in full but merely settled for its principal amount without the legal interest from judicial demand that the judgment provided. The settlement obliged Bonura to pay back half of principal alone if he defeated Dixie’s appeal and collected half of the judgment from Dixie. Thus Bonura does appear to retain a real interest in the judgment', in that the legal interest he might collect from Dixie would belong to him.
On the principles of Williams v. Marionneaux, 1960, 240 La. 713, 124 So.2d 919, and of La.C.C. 2106,[1] 2205[2] and 3061,[3] however, Bonura cannot now collect from Dixie because Bonura, by accepting the payment “in full satisfaction of the judgment” as against Cook’s insurer, has defeated Dixie’s right to indemnity against Cook’s insurer.[4]
Rehearing is therefore denied.

. If the affair for which the debt has been contracted in solido, concern only one of the co-obligors in solido, that one is liable for the whole debt towards the other codebtors, who, with regard to him, are considered only as his securities.

. The remission or even conventional discharge granted to a principal debtor, discharges the sureties.
That granted to the sureties does not discharge the principal debtor.
That granted to one of the sureties does not discharge the others.

. The surety is discharged when by the act of the creditor, the subrogation to his rights, mortgages and privileges can no longer be operated in favor of the surety.

. Plaintiff’s application recites that Dixie had third-partied Cook’s insurer but we find no such pleading. We should have framed our decree differently were such a pleading present.