LOTTINGER, Judge.
This is an appeal from a summary judgment rendéred in favor of Morton Salt Company, an employer whose alleged employee had been previously released from the litigation in a personal injury settlement agreement with the plaintiff. Morton claimed that the release of the alleged employee constituted a release of the employer, whose liability under La.C.C. art. 2320 is merely vicarious or secondary. The trial court agreed, and the plaintiff timely brought this appeal.
Plaintiff received serious personal injuries on October 26, 1972, when the van in which he was a guest passenger was struck from the rear by a truck driven by James E. Davis. The plaintiff alleged, among other things, that Davis was an employee of Morton Salt Company at the time the accident occurred. Plaintiff further alleged that Davis was acting within the course and scope of his employment when his truck rear-ended the van. We will assume, without deciding, that Davis was Morton’s employee.
Following some initial pretrial sparring, the plaintiff settled his claims with Davis and some of the other defendants, releasing them from any further liability as a result of the October 26, 1972, accident. In the settlement agreement, the plaintiff express *63 ly reserved his rights against Morton Salt Company and Continental Casualty Company, Morton’s liability insurer. The plaintiff did not, however, agree to hold Davis harmless from any damages he might be required to pay as indemnity to his employer.
Morton and Continental subsequently filed an exception of no right and/or cause of action which was sustained by the trial court. This court, however, in an unpublished opinion, reversed the trial court on the narrow ground that the trial court had considered evidence in upholding the exception of no cause of action. See La.C.C.P. art. 931. After remand, the trial court dismissed the exceptions. Morton and Continental then filed the motion for summary judgment. They claimed that there was no genuine issue of material fact and that they were entitled to judgment as a matter of law because the release of their alleged employee constituted a release of them.
Morton and Continental base their motion for summary judgment on the ground that the plaintiff released them from the secondary liability under Article 2320 when he released the employee, whose liability was primary. They cite Williams v. Marionneaux, 240 La. 713, 124 So.2d 919 (La.1969); and Caldwell v. Montgomey Ward & Company, Inc., 271 So.2d 363 (La.App.2nd Cir. 1972).
The plaintiff claims that the facts in Mar-ionneaux, especially the facts concerning the release given by the plaintiff in that case, are distinguishable from the facts in the case at bar, and that a different rule should be applied. The plaintiff in Marion-neaux not only released the employee and reserved his rights against the employer, but agreed additionally to hold the employee harmless from any damages the employee might be required to pay as indemnification to the employer. (The vicariously liable employer who has been required to pay damages for the tort committed by his employee has a cause of action for indemnity against the employee.)
In discussing the reservation of rights against the employer, the court in Marion-neaux said enforcement of the plaintiff’s action against the employer would produce unseemly consequences because the employer would be able to sue the employee for the amounts the employer was required to pay to the plaintiff. The employee, in turn, would be able to sue the plaintiff under the hold harmless indemnity agreement for all sums he had to pay to the employer. The result, as the plaintiff in this case notes, would be a “vicious circle,” since the employer would be able to recoup from the plaintiff indirectly all damages he had to pay to the plaintiff directly. The plaintiff herein claims that such a “vicious circle” would not occur under the facts of this case, because the plaintiff has not agreed to indemnify the employee for any sums the employee may be required to pay as indemnification to Morton.
While the plaintiff has certainly distinguished the release he granted from the release granted in Marionneaux, he has not convinced us that the underlying rationale of Marionneaux should be disregarded. As we see it, Marionneaux was based on the proposition that an employer is only secondarily liable for the torts committed by his employee. The employer is not a joint tort-feasor. There is but one cause of action given the plaintiff. When plaintiff compromises with the primary tortfeasor, the wrong has been repaired, and the release inures to the benefit of the employer. Williams v. Marionneaux, supra. This rationale should apply whether or not the plaintiff agrees to indemnify the employee from any damages the employee is required to pay to the employer.
Therefore, for the above and foregoing reasons, the decision of the trial court is affirmed at appellant’s costs.
AFFIRMED.