395 So.2d 326 (1981)
Alfred Henry SAMPAY
v.
MORTON SALT COMPANY and Continental Casualty Company.
No. 80-C-1424.
Supreme Court of Louisiana.
January 26, 1981.
Rehearing Denied March 20, 1981.
*327 Bernard J. Bagert, Jr., Bagert, Bagert & McDonald, New Orleans, for plaintiff-applicant.
William M. Bass, Voorhies & Labbe, Lafayette, for defendant-respondent.
DIXON, Chief Justice.
Alfred Henry Sampay was seriously injured on October 26, 1972 when the van in which he was a passenger was struck from the rear by a truck driven by James E. Davis, who was in the process of hauling salt products from Morton Salt Company. When Sampay instituted the instant lawsuit, he was not sure whether Davis was an employee of Morton or of Davis Truck Service. Therefore, Sampay alleged each employment relationship in the alternative.
Plaintiff settled his claims against Davis, Davis Truck Service and their insurance carriers, but expressly reserved his rights to proceed against Morton and its insurer. Subsequent to this settlement agreement, Morton obtained a summary judgment on the theory that, assuming Davis is an employee of Morton, release of the employee discharges the employer from further liability. Williams v. Marionneaux, 240 La. 713, 124 So.2d 919 (1960). The Court of Appeal affirmed. 388 So.2d 62 (La.App. 1st Cir. 1980). We granted writs to consider whether Williams v. Marionneaux, supra, upon which Morton and the First Circuit relied, remains valid in light of our recent ruling in Foster v. Hampton, 381 So.2d 789 (La. 1980).
The issue before the Williams court is the same issue presented in the instant case: whether a plaintiff may, after settling with the tortfeasor and reserving his rights, proceed against the tortfeasor's employer. The Williams court held that, once the plaintiff settles with the employee, who is primarily liable, he may not proceed against the employer, who is only secondarily liable. In so concluding, the court reasoned:
"... when [the employee] compromised with plaintiff, he repaired his wrong and, therefore, was fully acquitted from further liability. This acquittance inured to the benefit of [the employer] for the release of the tortfeasor must be held to release [the employer] also from further responsibility, as his liability for the tortious act was vicarious in nature and derived solely from his legal relation to the wrongdoer." 240 La. at 725, 124 So.2d at 923.
As support for its conclusion, the Williams court relied upon Cox v. Shreveport Packing Co., 213 La. 53, 34 So.2d 373 (1948), in which it was held that the employee and the employer are not solidary obligors. The Cox court, utilizing a restrictive method of interpreting the Civil Code, reasoned that solidarity cannot exist since there is no provision of law expressly declaring that the employer and the employee are solidarily bound. Cox, which had been criticized, see, e. g., Wooten v. Wimberly, 272 So.2d 303, 307 (La.1972) (Tate, J., concurring), was expressly overruled in Foster v. Hampton, supra.
The Williams court was correct in characterizing the employee's liability as primary and the employer's liability as secondary or derivative. The employer's liability to the victim is predicated upon C.C. 2320, which provides:

*328 "Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed."
Liability is imposed upon the employer without regard to his own negligence or fault; it is a consequence of the employment relationship. The terms primary and secondary, although correct, can be misleading. The employer's situation is not analogous to that of the simply surety, for unlike the simple surety, the employer does not have the benefit of discussion. C.C. 3045-48. The employer's liability is secondary or derivative in the sense that the employer is not himself a wrongdoer or tortfeasor. Thus, the employer and the employee are not joint tortfeasors, as the court in Williams correctly noted. See also Foster v. Hampton, supra at 790.[1]
Although the employer and employee are not joint tortfeasors, they are nonetheless each obligated for the same thing total reparation of the damages to the victim. The derivative nature of the employer's liability is of no concern to the victim, and he can compel either the employer or the employee to compensate him for the whole of his damages.
The requisites of solidarity are set forth in article 2091, which provides:
"There is an obligation in solido on the part of the debtors, when they are all obliged to the same thing, so that each may be compelled for the whole, and when the payment which is made by one of them, exonerates the others toward the creditor."
In Foster v. Hampton, supra, this court recognized that an obligation is solidary if the requisites of article 2091 are met. Finding that this article's test is met in the employer/employee relationship, the Foster court held them to be solidarily bound to the victim.
The Civil Code prescribes certain consequences which flow from the characterization of an obligation as solidary. Foster v. Hampton, supra, was an application of the rule that citation served on one solidary obligor interrupts prescription with regard to all others. C.C. 3552. Another consequence of solidarity is embodied in article 2203, which provides in pertinent part:
"The remission or conventional discharge in favor of one of the codebtors in solido, discharges all the others, unless the creditor has expressly reserved his right against the latter."
If the debt is remitted, then the obligation is extinguished, C.C. 2130, and all other solidary obligors are discharged. Where, however, the creditor reserves his rights to proceed against the other solidary obligors, the debt is not extinguished by remission, and the release does not inure to the benefit of the other solidary obligors. By reserving his rights, the creditor makes clear that he is not fully compensated and that he will proceed against the other solidary obligors.
Because Foster v. Hampton, supra, recognized that the employee and the employer are solidary obligors, it follows that, if the victim releases one but reserves his rights to proceed against the other, he may do so by virtue of article 2203. The Williams court, by relying upon Cox, held otherwise. The court in Williams reasoned that, without solidarity, the derivative nature of the employer's liability precludes *329 recovery against him if the employee has been released. That the employer's liability is vicarious is important only in relation to the ultimate allocation of the obligation between the employer and the employee. From the viewpoint of the victim, the employer and the employee are solidary obligors. Williams is overruled.
For the foregoing reasons, the judgment of the trial and appellate court granting summary judgments in favor of the defendants is reversed, and the case is remanded to the district court for a trial on the merits. All costs of these proceedings are to be borne by the defendants-respondents.
LEMMON, J., concurs and assigns reasons.
MARCUS, J., dissents and assigns reasons.
MARCUS, Justice (dissenting).
In Foster v. Hampton, 381 So.2d 789 (La. 1980), I dissented, being of the opinion that a deputy sheriff was not an employee of the state. Hence, I did not reach the question of whether or not Cox v. Shreveport Packing Co., 213 La. 53, 34 So.2d 373 (1948), should be overruled. I do not think that it should for the following reasons.
La.Civ.Code art. 2093 provides that an obligation in solido is not presumed; it must be expressly stipulated. The article further provides that this rule ceases to prevail only in cases "where an obligation in solido takes place of right by virtue of some provisions of law." Article 2320 provides in pertinent part: "Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed." I do not consider that this provision creates an "obligation in solido." Compare La.Civ.Code art. 2324 which makes joint tortfeasors "answerable in solido." Accordingly, I respectfully dissent.
NOTES
[1] If the employer and employee were joint tortfeasors, then, pursuant to article 2324, that obligation would be characterized as solidary. Article 2324 provides:

"He who causes another person to to an unlawful act, or assists or encourages in the commission of it, is answerable, in solido, with that person, for the damage caused by such act." C.C. 2324 (as it appeared prior to 1979 La. Acts, No. 431). Article 2324 appears to envision a situation where an intentional tort has been perpetrated by co-conspirators. However, the jurisprudence has interpreted the article to include indivisible damage caused by concurrent negligence, and the legislature in 1979 amended the article to expressly provide that "[p]ersons whose concurring fault has caused injury, death or loss to another are also answerable, in solido ..." 1979 La. Acts. No. 431, amending C.C. 2324. For an excellent discussion of solidarity, see Comment, Prescribing Solidarity: Contributing to the Indemnity Dilemma, 41 La.L.Rev. 665 (1981).