REDMANN, Chief Judge.
Plaintiff appeals from the dismissal on exception of prescription of his action for malicious prosecution as against John F. Rowley, the district attorney who instituted and then dismissed a criminal prosecution against plaintiff for violating La.R.S. 18:1463 B.
We reverse, holding prescription interrupted by the timely original suit against an individual allegedly liable in solido with the district attorney for the damages caused by the district attorney’s allegedly malicious prosecution. We point out that we do not here decide that the individual is liable, much less that the district attorney is liable. The question of whether the district attorney can be personally liable raises serious questions not addressed in the briefs and not appropriate for us to raise on our own when he has elected to raise prescription instead.
The only issue on this appeal is whether, if the allegations of the petition are accepted as true (for the exception was tried on the pleadings alone), any liability on the part of the individual and of the district attorney is liability in solido so that, as provided by La.C.C. 3552 (now, see art. 3503, as amended, La. Acts 1983 No. 173), suit against one would interrupt prescription as to the other.
The facts are that plaintiff, a member of the St. Bernard Parish School Board, circulated to his constituents a letter in which he recommended the election of - a candidate for political office. The letter was written on school board stationery that listed all school board members in its margin, but the letter was signed by plaintiff with a legible signature under which his name was typed.
The consequences of that letter on that stationery were, allegedly, that fellow school board member Hillary J. Nunez filed an affidavit with a justice of the peace and caused plaintiffs arrest and (according to plaintiff’s timely petition against Nunez) that “as a result of the filing of this affidavit” criminal proceedings were brought against plaintiff in the district court by the district attorney, charging plaintiff with violating R.S. 18:1463 B (prohibiting distribution of writing “which falsely alleges that any candidate ... [is] supported by ... [an] other person ... ”). Plaintiff timely sued Nunez but did not join the district attorney until over a year after the prosecution by the district attorney ended with dismissal by the district attorney. The trial court sustained the district attorney’s exception of prescription.
Plaintiff argues that prescription was interrupted as to the district attorney by plaintiff’s timely petition against Nunez. We agree. If one accept as true the allegations of the petition against Nunez, Nunez is liable not only for the damages caused by plaintiff’s arrest after Nunez’s filing of the affidavit with the justice of the peace but also for the damages caused by plaintiff’s being criminally prosecuted by the district attorney “as a result of [Nunez’s] filing of this affidavit.” Unless immune (a question not here raised nor decided), the district attorney may be liable for the damages caused by a criminal prosecution that is proven to be malicious on his part. Thus Nunez and the district attorney would each be liable for those damages, and that constitutes liability in solido within the definition of C.C. 2091 (now, C.C. 1794, as amended, Acts 1984 No. 331); Sampay v. Morton Salt Co., 395 So.2d 326 (La.1981).
Reversed.