**29**

**ODECO OIL & GAS COMPANY,**

v.

**PETROLEUM HELICOPTERS, INC.**

Civ. A. No. 92–0114.

United States District Court,
E.D. Louisiana.

July 6, 1994.

Michael A. McGlone, Glenn P. Orgeron, Lemle & Kelleher, New Orleans, LA, for plaintiff, Odeco Oil & Gas Co.

Kenneth H. Laborde, Leo R. McAloon, III, Pulaski, Gieger & Laborde, New Orleans, LA, for Petroleum Helicopters, Inc.

Donald O. Collins, William J. Joyce, Jones, Walker, Waechter, Poitevent, Carrere & De-negre, L.L.P., New Orleans, LA, for Fafnir Bearings, a Div. of The Torrington Co.

## ORDER AND REASONS

MENTZ, District Judge.

### I. Background

Plaintiff, Odeco Oil & Gas Company ("Odeco"), brought this suit against Petroleum Helicopters, Inc. ("PHI") for maintenance and cure benefits paid by Odeco to eleven of its seamen employees who were injured in a PHI helicopter crash on August 26, 1991. PHI filed a third-party complaint against Fafnir Bearings, a Division of the Torrington Company ("Fafnir"). The Odeco employees involved in the crash pursued their claims for personal injuries in two other suits filed in Louisiana federal court and Texas state court: (1) *Bass, et al. v. Odeco, Inc., et al.,* United States District Court, Western District, Louisiana, Lafayette–Opelousas Division, Civil Action No. 92–0057L/O (the "Louisiana litigation") brought by Odeco employees, Anthony Bass, Greg Dowden, and Terry McMahon; and (2) *Rood, et al. v. Petroleum Helicopters, Inc., et al.,* District Court, Brazoria County, Texas, 23rd Judicial District, Civil Action No. 92–C–0184 (the "Texas litigation") brought by Odeco employees Leonard Rood, Willis H. Waits, Roger Ross, Arthur Sandoz, Kennis Davis, Terry Brown, James Bates, and Gary Davis.

In the Texas litigation, Fafnir, PHI, and Odeco, among others, were named as defendants. Odeco filed a cross-claim against Fafnir and PHI for recovery of maintenance and cure paid to the plaintiff/employees. The litigation settled on October 18, 1993, when defendants, Fafnir, PHI, and other parties excluding Odeco, agreed to pay an undisclosed amount to the plaintiffs. At that time, the plaintiffs dismissed their claim against Odeco with prejudice, and the Court entered a "nonsuit without prejudice" as to Odeco's claim for reimbursement of maintenance and cure benefits.

In the Louisiana litigation, Odeco was named as a defendant by plaintiffs, Bass and McMahon. Plaintiff Dowden did not sue Odeco. Other defendants named included Fafnir and PHI. Odeco did not assert a

cross-claim against Fafnir and PHI for reimbursement of maintenance and cure payments. The claims against Odeco were dismissed well before trial via summary judgment. Bass and McMahon settled their claims against Fafnir and PHI prior to trial. Dowden's case went to trial in January, 1994, and a judgment was entered in his favor against Fafnir and PHI.

On July 14, 1992, prior to the settlements and judgment entered in the Texas and Louisiana litigation, the parties to this suit entered a stipulation pursuant to which PHI and Fafnir agreed to reimburse Odeco for maintenance and cure benefits "made by it in the usual and customary practices of Odeco ... according to percentages of fault assessed against each if there is a judgment, or in the event of a settlement according to the percentage of the settlement paid by PHI and Fafnir."[1] In accordance with the parties' request, this Court placed the stipulation under seal and stayed the litigation pending resolution of the employees' claims.

Now that the employees' claims have been brought to conclusion, Odeco seeks to lift the stay and to obtain a summary judgment enforcing the stipulation against Fafnir and PHI for $726,524.68 in maintenance and cure payments made by Odeco on behalf of all eleven injured employees. There is no opposition to the motion to lift the stay.

Fafnir and PHI agree that the stipulation applies to maintenance and cure paid to the

---

1. The stipulation in its entirety reads as follows:

It is hereby stipulated and agreed by and among Petroleum Helicopters, Inc. (PHI); Fafnir Bearings a division of The Torrington Company (Fafnir); and Odeco Oil & Gas, Drilling Division (Odeco), for the benefit of each corporate entity, as well as their agents, employees, parent and subsidiary corporations, and insurers, by and through their undersigned counsel, as follows:

(1) Odeco has commenced this action against PHI and Fafnir alleging damages as a result of a helicopter accident that occurred on or about August 26, 1992, when a helicopter operated by PHI, FAA Registration No. N3909F, made an unscheduled landing in the Gulf of Mexico.

(2) There are numerous contested issues that arise out of this litigation and may result in uncertainty and extensive proceedings and the parties are desirous of saving the time and expense of all parties and of the Court.

(3) At the time of the aforementioned incident there were eleven (11) passengers aboard N3909F, all of whom were employees of ODECO. In connection with their employment with Odeco, these persons performed jobs that qualified them as "Jones Act" seamen, as that term is commonly used; and, because of their status as "Jones Act" seamen, Odeco has paid to the seamen or their survivors maintenance and cure and in some circumstances continues to pay maintenance and cure to the surviving passengers. Odeco desires to recover its maintenance and cure payments.

(4) All of the surviving passengers and/or the survivors of the deceased passenger have either filed civil actions against PHI and Fafnir seeking the recovery of damages as a result of the incident or are represented by counsel for the purpose of asserting claims arising from the incident against PHI and Fafnir.

(5) PHI and Fafnir stipulate and agree that Odeco shall be entitled to recover the maintenance and cure payments made by it in the usual and customary practices of Odeco, in accordance with the procedure set forth in Paragraph 6.

(6) At the conclusion of the claim or action of each of the passengers, or their survivors, whether by way of settlement or judgment, PHI and Fafnir will reimburse Odeco according to the percentages of fault assessed against each if there is a judgment, or in the event of a settlement according to the percentage of the settlement paid by PHI and Fafnir.

(7) Odeco will assign in those cases only where Odeco is not a direct defendant or a third-party defendant to PHI and Fafnir its right to any offset to which it might be entitled as a result of the maintenance and cure payments.

(8) In consideration for the foregoing agreement by PHI and Fafnir, Odeco agrees that it will not conduct any further discovery in any case in which Odeco is not a direct defendant or a third-party defendant as against PHI and Fafnir. Upon the execution of this Stipulation, Odeco will request a stay of the instant litigation pending its reimbursement of all maintenance and cure payments as set forth above.

(9) The approval of this stipulation by the attorneys for the parties herein is in no way to be construed as an admission of responsibility or liability by any individual or corporation for the damages alleged by Odeco in this action, said responsibility and liability being expressly denied by PHI and Fafnir; but this stipulation is solely and unconditionally intended to accomplish the fair and expeditious compensation of Odeco without reference to fault or responsibility, and nothing contained herein shall be construed to the contrary.

(10) This stipulation is limited to the parties to this action only, and shall be kept confidential by the parties and, shall not be used as evidence by any of the parties to this agreement or by anyone else in any other litigation arising out of this incident, now pending or hereafter brought.

plaintiffs in the Louisiana litigation, but contest any obligation to reimburse Odeco for payments to the plaintiffs in the Texas litigation. They maintain that under the settlement bar rule Odeco is precluded from recovering any payments it made to the plaintiffs in the Texas litigation because in that case Odeco was a non-settling co-defendant and asserted cross-claims against Fafnir and PHI for maintenance and cure.

## II. Analysis

Under the settlement bar rule, a co-defendant does not have a right of contribution against a settling defendant. *See Leger v. Drilling Well Control, Inc.*, 592 F.2d 1246 (5th Cir.1979). The rationale for the rule is to protect the finality of settlements.

A rule that a liable defendant could enter into a post-trial settlement with the plaintiff and then initiate an action for contribution against the defendants that settled with the plaintiff before trial would, among other things, shatter the traditional finality of settlements. The departure of a plaintiff through settlement would no longer mark the end of a lawsuit. With motions for equalization of damages thinly disguised as actions for contribution, defendants that have suffered an adverse judgment could continue to harass defendants that settled with the plaintiff prior to trial. The dockets of the federal courts, already bloated, would swell further.

*Hardy v. Gulf Oil Corp.*, 949 F.2d 826, 836 (5th Cir.1992).

The settlement bar rule does not apply in the case at bar because Fafnir and PHI signed a stipulation prior to the settlement of the Texas litigation agreeing to reimburse Odeco for maintenance and cure paid to or on behalf of all eleven employees involved in the crash. The stipulation is unambiguous. In it the parties acknowledge that there were various pending or anticipated suits on behalf of eleven injured Odeco employees and that Odeco was seeking reimbursement for payments made to these employees or their survivors. The parties specifically stated that the stipulation was entered to save time and expense by staying Odeco's suit pending resolution of the employees' claims. The stipulation anticipated that Odeco might be named a defendant in some of the employees' suits and that Fafnir and PHI might resolve some claims by settlement. There is nevertheless no language in the stipulation that limits its terms to maintenance and cure payments made to plaintiffs in the Louisiana litigation or to plaintiffs in suits where Odeco was *not* a non-settling co-defendant. There is likewise no language that excludes reimbursement for payments made to the plaintiffs in the Texas litigation. Accordingly, the Court finds that there is no *genuine* dispute that the stipulation applies to maintenance and cure payments made to all eleven Odeco employees regardless of whether they litigated their claims in the Texas suit.

Odeco's claim for contribution in the Texas litigation does not alter the scope of the stipulation because it was dismissed without prejudice as a nonsuit.

The rationale for the settlement bar rule does not apply in this case. Odeco's motion to enforce the stipulation is not the situation the settlement bar rule was devised to handle—that is where a non-settling tortfeasor initiates a post-settlement action for contribution of damages against a co-defendant who entered into an earlier settlement with the plaintiff. In that situation, the settling defendant expects to be relieved of any further liability to pay damages. In the Texas litigation, Odeco was adjudged not liable for damages when the plaintiffs dismissed with prejudice their claims against Odeco. In the case at bar, Odeco is not pursuing a post-settlement action for contribution of damages for which it was liable to the plaintiffs in the Texas litigation. Instead, it seeks to enforce a prior stipulation for reimbursement of maintenance and cure. Both Fafnir and PHI were aware prior to their settlement with the Texas plaintiffs that they had agreed to reimburse Odeco for maintenance and cure payments made to all eleven employees. To apply the settlement bar rule in this case would result in altering the terms of a prior, unambiguous stipulation. Enforcing the stipulation will not jeopardize the policy favoring the finality of settlements, but in fact supports that policy. As a matter of law, the

settlement bar rule does not apply in this case.

There are genuine issues of material fact with respect to the total amount Odeco paid in maintenance and cure to the eleven employees and the percentage to be assessed against each defendant.[2] Counsel for Odeco submitted only the total amounts of maintenance and cure paid to each employee, without supporting documentation, itemization of payments, or averment.

Accordingly,

IT IS ORDERED that Defendant, Odeco Oil & Gas Company's Motion to Lift Stay and for Summary Judgment is **GRANTED IN PART,** and **DENIED IN PART** as follows:

a) The motion to lift stay is **GRANTED** as unopposed, and the case is **RE-OPENED** on the Court's docket;

b) The motion for summary judgment is **GRANTED IN PART** in favor of plaintiff, Odeco Oil & Gas Company (Odeco), and against defendants, Fafnir Bearings, a Division of the Torrington Company (Fafnir) and Petroleum Helicopters, Inc. (PHI), enforcing the stipulation to reimburse Odeco for maintenance and cure payments made in the usual and customary practices of Odeco to the eleven Odeco employees injured in the August 26, 1991 PHI helicopter crash; and

c) The motion for summary judgment is **DENIED IN PART** with the right to reurge on the issue of the total amount of maintenance and cure paid by Odeco to the eleven employees injured in the crash and the percentage to be assessed against each defendant. Odeco shall provide supporting documentation to Fafnir and PHI not later than **Friday, July 15, 1994.** If the parties are able to resolve this dispute, Odeco shall forthwith advise the court in order that the case may be closed. In the event that the parties are unable to resolve this dispute, Odeco shall file a motion for summary judgment and set it for hearing not later than **Wednesday, August 24, 1994.**

---

2. PHI denied for lack of sufficient information to justify a belief that Odeco has paid $762,524.68 in maintenance and cure to the eleven Odeco employees injured in the crash, and that said payments were made in the usual and customary practices of Odeco.

Fafnir did not address Odeco's statement of uncontested material facts, and therefore, pursuant to Local Rule 2.10E, they are deemed admitted.