**Julian ROMERO, et ux**

v.

**Emmanuel WITHERSPOON, M.D.**

**Civil Action No. 96–2395–A.**

United States District Court,
W.D. Louisiana,
Alexandria Division.

May 7, 1998.

---

Charles Henry Munsterman, Alexandria, LA, H. Alston Johnson, III, Phelps, Dunbar, L.L.P., Baton Rouge, LA, for Julian Romero, Diane Romero.

James R. Shelton, Pugh, Boudreaux & Shelton, Lafayette, LA, Edward E. Rundell, Charles D. Elliott, Gold, Weems, Bruser, Sues & Rundell, Alexandria, LA, for Emmanuel Witherspoon, M.D.

John Robert Halliburton, Asst. U.S. Atty., Shreveport, LA, for Alvin M. Horn, Dennis Sosenko, United States of America.

## *RULING*

NAUMAN S. SCOTT, Senior District Judge.

Before the court by referral is a Motion for Summary Judgment or in the alternative for Dismissal by third-party defendant, the Unit-

ed States of America ("United States"), against third-party plaintiff Emmanuel Witherspoon, M.D. ("Witherspoon"). The court has jurisdiction over this medical malpractice action and third-party demand pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) and 28 U.S.C. § 2671 et seq. For reasons discussed herein, the motion is **GRANTED.**

## I. Factual and Procedural Background

The undisputed facts are short and simple. On August 3, 1994, Christina Romero ("Christina"), a minor, was seen by Alvin M. Horn, Jr. ("Horn"), a Certified Physician Assistant at Bayne–Jones Army Community Hospital ("the hospital"), Fort–Polk, Louisiana. Horn is an employee of the United States and saw Christina in his capacity as a United States employee. On that same day, Christina's parents consulted over the phone with another Certified Physician Assistant, Dennis Sosenko ("Sosenko") regarding Christina's condition. Sosenko is also an employee of the United States, and the telephone consultation was in the course and scope of his employment with the United States. On August 6, 1994, Christina was seen by Witherspoon at the hospital. Witherspoon is an independent contractor and is not employed by the United States. On August 9, 1994, Christina was seen in person by Sosenko. Sometime thereafter Christina was finally diagnosed with brain tumors, but by that time had gone blind and suffered other injuries.

Plaintiffs allege that Witherspoon, Horn and Sosenko failed to diagnose correctly Christina's brain tumors, and that this failure to diagnose resulted in her injuries. Witherspoon in turn points the finger at the United States through its employees Horn and Sosenko, alleging that they were partly or entirely responsible for the failure to diagnose. Witherspoon's third-party demand seeks contribution or indemnity should he be found liable to the plaintiffs. Plaintiffs have already settled their FTCA action against the United States. Thus, what remains are the plaintiffs' action against Witherspoon and Witherspoon's third-party demand against the United States, which is the subject of this

motion. The United States contends that, since it has settled with the plaintiffs, it therefore can not be liable to the third-party plaintiffs.

## II. Standards Under 12(b)(6) and 56(b)

When considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court is to accept the plaintiff's factual allegation as true. *Buckley v. Fitzsimmons,* 509 U.S. 259, 261, 113 S.Ct. 2606, 2609, 125 L.Ed.2d 209 (1993); *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir.1995). The court cannot grant a 12(b)(6) motion to dismiss unless the facts as alleged indicate that the plaintiff has failed to state a claim upon which relief can be granted. *Id.* When determining whether relief can be granted based on the facts as alleged, the court does not look past the face of the pleadings, *St. Paul Ins. Co. of Bellaire, Texas v. AFIA Worldwide Ins. Co.,* 937 F.2d 274, 279 (5th Cir.1991), and must construe all factual allegations in the light most favorable to the plaintiffs, *Rubinstein v. Collins,* 20 F.3d 160, 166 (5th Cir.1994).

A motion for summary judgment under Fed.R.Civ.P. 56 will be granted only where "the pleadings, depositions, answers to interrogatories, and admissions on file, if any," when viewed in the light most favorable to the non-moving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." Fed.R.Civ.P. 56(c). Where the moving party shows that "there is an absence of evidence to support the non-moving party's case," *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986), the non-moving party must then come forward with specific facts showing that there is a genuine factual issue for trial. Fed.R.Civ.P. 56(e). Should the non-moving party fail to so respond, summary judgment, if appropriate, shall be entered. *Id.* However, the judge is not to weigh the evidence at the summary judgment phase, but merely determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). If a reasonable jury could return a verdict for the

nonmoving party, summary judgment will not lie. *Id.* at 248, 106 S.Ct. at 2510.

### III. Law and Analysis

#### A. Choice of Law

■ Cases heard under the FTCA are governed by the applicable law of the state in which the incident *sub judice* occurred. Thus, substantive issues with respect to the Witherspoon's claim for contribution or indemnity will be analyzed under principles of Louisiana law.

#### B. Solidary Liability

■ Tortfeasors who collectively owe but a single obligation to a tort victim are liable *in solido* to the victim. La. Civ.Code Ann. art. 1794 (West 1987). This civil law concept is the functional equivalent of the common law principle of joint and several liability. *Touchard v. Williams*, 617 So.2d 885, 889 (La.1993). To be obligated *in solido,* tortfeasors need not act in concert, as "[a]n obligation may be solidary though it derives from a different source for each obligor." La. Civ.Code Ann. art. 1797 (West 1987). "When the actionable negligence of two tortfeasors contributes in causing harm to a third party, each of them is responsible for the damage. They are solidarily liable." *Dixie Drive It Yourself System New Orleans Co. Inc. v. American Beverage Co.*, 242 La. 471, 137 So.2d 298, 301 (1962).

In the context of vicarious liability, an employee and employer are not joint tortfeasors, since "[l]iability is imposed upon the employer without regard to his own negligence or fault; it is a consequence of the employment relationship." *Sampay v. Morton Salt Co.*, 395 So.2d 326, 328 (La.1981). "Although the employer and employee are not joint tortfeasors, they are nonetheless each obligated for the same thing—total reparation of the damages to the victim. The derivative nature of the employer's liability is of no concern to the victim ...." *Id.* Thus, a vicariously liable employer will be liable *in solido* with a third-party whose actions contributed to a unified harm.

Applying the above principles, this court holds that a reasonable jury could find that the United States (through its employees Horn and Solenko) and Witherspoon were both negligent in failing to diagnose Christina's condition, and that their combined negligence caused her injuries. As a matter of law, and based on such reasonable findings of fact, Witherspoon and the United States would be solidary obligors to the plaintiffs.

#### C. Contribution

■ As between themselves solidary obligors have rights of contribution and indemnity. La. Civ.Code Ann. art. 1804 (West 1987). However, when one joint tortfeasor settles with the plaintiff, there can be no contribution in favor of the non-settling tortfeasor. *Odeco Oil & Gas Co. v. Petroleum Helicopters, Inc.*, 857 F.Supp. 29, 31 (E.D.La. 1994); *Cavalier v. Cain's Hydrostatic Testing, Inc.*, 657 So.2d 975, 982 (La.1995)(superseded by statute on other grounds); *Walker v. McCartney*, 700 So.2d 898, 906 (La.Ct.App. 1997); *Valet v. City of Hammond*, 577 So.2d 155, 161 (La.Ct.App.1991). This, however, does not work an injustice. The remaining defendant is not left "holding the bag," because fault is still apportioned to the absent tortfeasor, La. Civ.Code Ann. art. 2323, and the remaining defendant is then liable to the plaintiffs only for his virile share of fault, La. Civ.Code Ann. art. 1803. *See generally Valet,* 577 So.2d at 160–61 (holding that "the solidary obligor who has not settled with the obligee is entitled to have the obligee's recovery reduced by the amount of the released obligor's portion of fault or liability").

Witherspoon raises the issue that while the Louisiana Supreme Court recently held that the 1996 amendment to articles 2323 is to be applied retroactively, the Court did *not* decide the issue of whether the mandatory quantification of an absent defendant's fault would also act to reduce the liability of the party defendant to the plaintiff. *Keith v. U.S. Fidelity & Guar., Co.*, 694 So.2d 180, 183–84 (La.1997). To put it simply, Witherspoon is concerned that he may be liable to the plaintiffs for more than his share of fault, even though all tortfeasors' fault must be quantified under the retroactive amendment to article 2323. We assure Witherspoon that

this is not the case. *Keith* was decided in the context of a statutorily immune employer, and did not involve a settling solidary obligor. The case at bar is entirely different. The absent solidary obligor/employer here is the United States. The United States is not immune, and is readily amenable to suit under the FTCA. Moreover, unlike the absent obligor in *Keith,* here the United States settled with the plaintiffs. Therefore, the question in *Keith* of the effect on a party defendant's liability of quantifying fault of an absent and immune employer is simply irrelevant to the case *sub judice.*[1] Therefore, the United State's Motion for Dismissal or Summary Judgment with respect to Witherspoon's third-party demand for contribution is **GRANTED.**

### D. Indemnity

 In addition to the right of contribution, solidary obligors have the potential right of indemnity. Arts. 1804 and 2324(B), pre–1996 amendment. Indemnity may arise contractually or under a tort, or quasi-contract, theory. In the case at bar, we are concerned only with tort indemnity because the third-party plaintiff has not alleged a contractual theory of indemnity.

Situations where tort indemnity arises are extremely limited. To qualify, a solidary obligor must be free of actual fault and be liable only technically, vicariously, or constructively. *Appalachian Corp. v. Brooklyn Cooperage Co.,* 151 La. 41, 91 So. 539, 541 (1922). This is because the law will rectify the unjust enrichment which occurs when the more culpable tortfeasor escapes liability while the technically culpable yet liable tortfeasor pays. However, if "[the fault of the party seeking indemnity] is, rather, actual, only contribution is available." *Ducre v. Executive Officers of Halter Marine, Inc.,* 752 F.2d 976, 985 (5th Cir.1985).

Plaintiffs' theory of relief against Witherspoon is that he negligently failed to diagnose Christina's brain tumors. This is not passive, technical, or vicarious negligence. If Witherspoon is found to be liable for Christina's injuries, it will be for actual fault. As the Fifth Circuit stated in *Ducre,* "[t]here is no foreseeable combination of findings, viewing the allegations of the pleadings and the evidence in the light most favorable to [Witherspoon] that could result in [his] being cast in judgment for mere technical or passive fault." 752 F.2d at 985 (footnote omitted). Therefore, the United States' Motion for Dismissal or Summary Judgment with respect to Witherspoon's demand for indemnity is **GRANTED.**

---

**1.** Incidentally, we note that the *Keith* question has been answered. While the fault of all non-party solidary obligors must be quantified, in cases where there is no settlement, and thus no applicability of article 1803, the liability of the party defendant to the plaintiff is *not* reduced because the 1996 amendment to article 2324(B) does not apply retroactively. *Aucoin et al. v. State of Louisiana,* 712 So.2d 62, 66–68 (La. 1998).